**Robert A. MAMPEL, Commissioner of Banks, et al., Petitioners,**

**v.**

**EASTERN HEIGHTS STATE BANK OF ST. PAUL, et al., Respondents.**

**No. 46909.**

Supreme Court of Minnesota.

May 13, 1977.

---

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Thomas Muck, Asst. Atty. Gen., Roderick I. Mackenzie, Sp. Asst. Atty. Gen., St. Paul, for petitioners.

Peter S. Popovich and Richard H. Kyle, St. Paul, for respondents.

Heard before SHERAN, C. J., and KELLY, TODD, MacLAUGHLIN and STAHLER, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is a petition for a writ of prohibition to prevent the enforcement of certain discovery orders issued by the district court. We have concluded that the writ shall issue.

Petitioners are the commissioner of banks, commissioner of insurance, and commissioner of securities, and a hearing examiner appointed by the Commerce Commission. Respondents are certain banks licensed by the State of Minnesota.

Respondents appeared in a proceeding before the Commerce Commission to oppose an application by several individuals for a certificate of authority to transact business

as the Battle Creek State Bank. On November 18, 1974, the commission granted the application over the objections of respondents, who then brought a petition in Ramsey County District Court seeking judicial review of the commission's determination. Respondents contested the commission's findings of facts and conclusions of law and, among other things, alleged that certain procedural requirements of Minn.St. 15.01 to 15.43 had been violated.

On March 25, 1976, respondents' attorney served upon the attorney general a notice of taking depositions of the three commissioners, the hearing officer, and one other person. Each of these persons was also served with a subpoena duces tecum calling for a wide range of "documents, papers, notes, office appointment calendars [and] memoranda or writing of any kind." Petitioners objected to the subpoenas and moved the district court for an order quashing the subpoenas and for a protective order disallowing the taking of the depositions. Subsequently, respondents moved for an order for the production of the documents demanded in the subpoenas.

All of these motions came on for hearing before the district court on April 22, 1976. The court denied petitioners' motions, and granted respondents' motion that the documents be produced and the depositions be taken. The commissioners and the hearing examiner then petitioned this court for a writ prohibiting the enforcement of the trial court's order on the grounds that the information sought is not discoverable and that the members of the Commerce Commission and the hearing officer cannot properly be subjected to depositions. Because of the unique question presented we ordered briefs to be submitted, and the case was heard on oral argument. The parties have stipulated to a continuance of the depositions pending disposition by this court.

■ While pretrial discovery orders are not appealable as of right, Rule 103.03, Rules of Civil Appellate Procedure, a writ of prohibition is an appropriate means to obtain review of a pretrial discovery order where the trial court orders discovery of information clearly not discoverable. See, *Wasmund v. Nunamaker*, 277 Minn. 52, 151 N.W.2d 577 (1967); *Thermorama, Inc. v. Shiller*, 271 Minn. 79, 135 N.W.2d 43 (1965); *Jeppesen v. Swanson*, 243 Minn. 547, 68 N.W.2d 649 (1955).

Minn.St. 15.0424 governs the procedure on review by a district court of an agency decision. Subdivision 6 of that section provides that the review be on the record only, except that additional testimony may be taken by a reviewing court in cases of alleged irregularity in procedure not shown in the record.

Respondents have asserted several grounds for reversal of the commission's decision including failure to decide certain motions made by respondents in accordance with Minn.Reg.Comc 38 [1] and failure by the Commerce Commission to afford respondents an opportunity to file objections and present oral argument in connection with the Commerce Commission's proposed decision pursuant to Minn.St.1974, § 15.0421, which reads as follows:

"Whenever in a contested case a majority of the officials of the agency who are to render the final decision have not heard or read the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision, including the statement of reasons therefor, has been served on the parties, and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to a majority of the officials who are to render the decision."

The crux of respondents' objection is their contention that a majority of the commissioners did not hear or read the evidence as is required by the statute, and that respondents were not provided the opportunity to file exceptions and present argument to the commission on their decision. Re-

---

1. Minn.Reg.Comc 38 appears to apply only to the procedure to be followed when motions are made to a hearing examiner. Because of our decision in this matter, we do not believe this objection is pertinent at this stage of the proceeding.

spondents contend that discovery is necessary to determine whether the commissioners had heard or read the evidence notwithstanding the statement in the findings that the "Commerce Commission [had considered] all of the evidence, files, records and proceedings herein."[2]

█ Discovery of the mental processes by which an administrative decision is made generally is not proper. *United States v. Morgan*, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). This is not to say that discovery is absolutely prohibited in proceedings for judicial review of agency decisions. Discovery may be permitted by the district court upon procedural matters if the discovery is appropriately limited. Persons seeking review may make inquiry through discovery to determine whether the agency adhered to statutorily defined procedures or the rules and regulations promulgated by the agency itself which enter into the fundamental decision-making process. Included in this case would be limited and narrow inquiry into whether there was compliance with Minn.St.1974, § 15.0421, and whether any materials, communications or other information outside the record were relied upon in reaching the commission's decision. Although this allows only limited discovery, we discern that to be the intention of the legislature in providing a restrictive scope of judicial review in such matters. Of course, the legislature may provide for broader discovery.

Because of the narrow scope of discovery presently permitted, we have concluded that the most appropriate method by which such discovery should be accomplished is through depositions of witnesses upon written questions as allowed under Rule 31, Rules of Civil Procedure. Moreover, because of the limited scope of discovery, in the absence of agreement by counsel, we direct that the deposition questions be presented to the trial court for approval before their submission to the witnesses.

2. In addition to these asserted procedural violations, respondents question whether the commission violated the provisions of the Minnesota Open Meeting Law, Minn.St. 471.705. We express no opinion as to whether the Open

Such a policy will minimize the burden for public officials called upon to answer such interrogation, but will insure meaningful review to persons aggrieved by administrative action by allowing them to inquire into those procedures which comprise the fundamental decision-making process.

Since the trial court's order far exceeded the permissible scope of discovery as outlined herein, the writ of prohibition requested by petitioners shall issue.

Meeting Law applies to the deliberations of administrative agencies, or whether failure to comply with the law is a procedural irregularity within the contemplation of Minn.St. 15.-0424, subd. 6.