MERCHANTS AND MINERS STATE BANK, Respondent,

v.

SPAL ENTERPRISE, a partnership, Michael A. Salminen, Appellant,

Richard F. Spearman, Respondent,

Audrey Lorraine Salminen, Respondent.

No. C7–86–333.

Court of Appeals of Minnesota.

July 22, 1986.

Review Denied Sept. 22, 1986.

David T. Stall, Virginia, for respondent Merchants and Miners State Bank.

Conrad M. Fredin, Duluth, for appellant.

Richard E. Prebich, Abate, Wivoda, Clark & Prebich, Hibbing, for respondent Richard F. Spearman.

Jack Fena, Hibbing, for respondent Audrey Lorraine Salminen.

Considered and decided by FORSBERG, P.J., and FOLEY and SEDGWICK, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Merchants and Miners State Bank began a mortgage foreclosure against Spal Enterprise after Spal defaulted on its mortgage on Hibbing General Hospital. After the time limit for filing a cross-motion had passed, Michael Salminen moved the court for leave to file a cross-claim against his former spouse, Audrey Salminen, and his partner, Richard F. Spearman. The court denied his claim as untimely and not mandatory. On April 17, 1985, in its order denying appellant's motion, the trial court granted summary judgment in favor of Merchants and Miners, and awarded Merchants and Miners attorney's fees.

Two days before the summary judgment order was handed down, appellant moved to compel discovery. The motion was heard on April 15, 1985.

On January 10, 1986, appellant moved for a new trial, a temporary injunction to prevent Merchants and Miners from selling Spal's assets, leave to cross-claim against Spearman and Audrey Salminen, and leave to conduct additional discovery. The court denied appellant's motions. He appeals from the order denying his motions.

The order appellant appeals from is appealable under Minn.R.Civ.App.P. 103.-03(d), and the summary judgment order is appealable under Minn.R.Civ.App.P. 103.04 as an order affecting a judgment. We affirm.

## FACTS

The facts in this case are set out in *Spearman v. Salminen,* 379 N.W.2d 627, 629–30 (Minn.Ct.App.1986).

Appellant and Spearman formed a partnership, Spal Enterprises, to purchase, operate, and then sell Hibbing General Hospital. Spal intended to operate the hospital as a chemical dependency treatment unit. During Spal's involvement in the Hibbing General Hospital project, appellant and his spouse, Audrey Salminen, were divorced. Their divorce decree awarded Audrey Salminen a one-half interest in appellant's half of Spal. In *Spearman v. Salminen,* this court affirmed the trial court's holding that the property settlement did not confer partnership status on Audrey Salminen and that Audrey Salminen could not be held personally liable for partnership debts and obligations.

After the divorce, Audrey Salminen tried to sell her interest in Spal. Appellant claims Spearman also colluded with Audrey Salminen to sell Hibbing General to Stanley A. Dow. Spearman also, allegedly, attempted to purchase Audrey Salminen's interest. Appellant alleges that these attempted sales brought on the foreclosure. Appellant also alleges that Merchants and Miners caused the default by withholding funds from Spal on an unrelated matter.

## ISSUES

1. Did the trial court err by not ruling on appellant's motion to compel discovery?

2. Did the trial court abuse its discretion by failing to grant appellant a new trial?

## ANALYSIS

### I.

*Motion to Compel*

Appellant argues, citing no authority, that the trial court erred in failing to rule

on his motion to compel discovery. Appellant attempted to compel discovery of evidence related to his cross-claim that Spearman and Audrey Salminen attempted to defraud him by selling the property, and to his counterclaim against Merchants and Miners that it wrongfully withheld funds from Spal on an unrelated matter, causing Spal to default on the Hibbing General mortgage.

Appellant claims that the court erred by not ruling within ninety days of the date of submission on his motion to compel discovery as required by Minn.Stat. § 546.27 (1984). Section 546.27 provides for an administrative penalty in the event a judge fails to rule on a matter within ninety days of submission. Section 546.27 does not, however, provide a litigant with a private cause of action. Appellant's remedy is to file a complaint with the Board of Judicial Standards.

■ Pretrial orders related to discovery are not appealable as of right. *Mample v. Eastern Heights State Bank of St. Paul*, 254 N.W.2d 375, 377 (Minn.1977). A writ of prohibition is an appropriate means to obtain appellate review. *Id.* Appellant could have applied for a writ of mandamus if he believed the court did not rule on his motion.

■ However, we hold that the court's summary judgment order, which was issued April 17, 1985, after appellant presented his motion to compel, constituted a denial of appellant's motion to compel discovery. The evidence appellant wished to discover related to his counterclaim and cross-claims; thus the order denying appellant's motion to file counterclaims and cross-claims effectively denied appellant's motion to compel discovery.

## II.

### Newly Discovered Evidence

■ Appellant claims the court erred in denying his motion for a new trial based on newly discovered evidence. The alleged newly discovered evidence came to light during depositions that were taken after

judgment was entered. All three respondents argue that this evidence is not "newly discovered." Appellant did not tell the court in his moving papers what the "newly discovered evidence" was. He instead used the affidavit to reallege the charges he would have made in his counterclaim. The "newly discovered evidence" does not relate to the foreclosure action. We hold the trial court properly denied appellant's motion for a new trial.

## III.

### Attorneys' Fees on Appeal

■ Respondents, on appeal, ask this court for attorneys' fees for defending against a frivolous appeal. Attorneys' fees are not recoverable absent authorization by a statute or by contract. *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn.1983). State law, however, codifies an exception to the general rule:

> *Upon motion of a party,* the court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court. *To qualify for an award under this section, a party shall give timely notice of intent to claim an award.*

Minn.Stat. § 549.21 (1984). Respondents' request for attorneys' fees, contained in their brief, does not constitute a motion for purposes of section 549.21.

### DECISION

The trial court did not err in not entering a separate order denying appellant's motion to compel discovery. The trial court did not abuse its discretion in denying appellant's motion for a new trial. Respondents are not entitled to costs and attor-

neys' fees for defending against this appeal.

Affirmed.