ELLINGSON & ASSOCIATES, INC., et al., Respondents,

v.

Steve KEEFE, Commissioner of Labor and Industry, Petitioner.

No. C1–86–1168.

Court of Appeals of Minnesota.

Dec. 2, 1986.
Review Denied Jan. 21, 1987.

George L. May, Hertogs, Fluegel, Sieben, Polk, Jones & LaVerdiere, Hastings, for respondents.

Hubert H. Humphrey, III, Atty. Gen., Scott R. Strand, Sp. Asst. Atty. Gen., St. Paul, for petitioner.

Considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Petitioner by writ of mandamus seeks vacation of a trial court order denying protective relief regarding taking of petitioner's deposition. He claims (1) inquiry cannot be made of his mental processes and (2) he is immune from tort liability. We grant extraordinary relief.

## FACTS

Under statutory authority, petitioner Commissioner of Labor and Industry Steve Keefe promulgated rules regarding workers' compensation rehabilitation services effective January 30, 1984. *See* Minn.R. 5220.0100–.1910 (1985 & Supp.1986); *see also* Minn.Stat. §§ 176.102, subds. 2, 10, 176.83, subds. 2, 14 (1984) (statutory authority). The rules distinguish affiliated qualified rehabilitation consultants (QRC) and independent QRCs based on association with an employer, insurer or adjusting company. *See* Minn.R. 5220.0100, subps. 6, 7. Provision is made for an employee's objection to the QRC selection. *See id.* 5220.0300, subp. 2. The rules also establish QRC approval by the Commissioner, *see id.* 5220.1300, subp. 3, QRC eligibility criteria, *see id.* 5220.1400, and procedure for QRC registration, renewal and revocation. *See id.* 5220.1500.

On February 11, 1985, respondent Ellingson & Associates, Inc. applied for renewal registration as an independent QRC firm. On March 22, 1985, petitioner advised respondent its application was not in compliance with Minn.R. 5220.1600, subp. 1 and requested a job description for and busi-

ness card of respondent employee Don C. Ellingson. Respondent Ellingson & Associates complied. On August 1, 1985, petitioner denied respondent's application.

Respondents, consisting of independent QRCs, their employees and injured employees allegedly denied certain rights, sued petitioner. Respondents filed an amended complaint presenting eight counts against petitioner and seeking declaratory relief, temporary and permanent injunction and damages. The counts allege: (I) the Commissioner has misinterpreted Minn.Stat. § 176.102, subd. 4(a) and thereby restricted the right of employees to final choice of a QRC; (II) by so severely restricting the employees' right to final decision, the Commissioner has engaged in an unlawful contract, combination and conspiracy with affiliator entities; (III) the Commissioner has administered Minn.R. ch. 5220 in a biased, uneven, arbitrary and improper manner; (IV) the Commissioner improperly refuses to address retraining plans pursuant to Minn.R. 5220.0400, subp. 2 which have not been approved by an employer or insurer; (V) the Commissioner's creation of "approved claim handlers" under Minn.R. 5220.1910 is not authorized by applicable law; (VI) amendment to Minn.R. 5220.1400 was made without required hearings; (VII) the Commissioner improperly promulgated and amended Minn.R. ch. 5220 by non-controversial rulemaking; and (VIII) respondent Ellingson & Associates, Inc.'s renewal application was wrongfully denied because Minn.R. 5220.1600, subp. 1 discriminatorily requires only independent QRC firms to be 80% staffed by QRCs or consultant interns.

On November 13, 1985, petitioner responded to respondents' request for admissions. On December 10, 1985, petitioner provided answers to respondents' interrogatories. On March 28, 1986, petitioner amended his response to respondents' request for admissions providing additional information.

On March 24, 1986, respondents sent notice to petitioner of the scheduling of his oral deposition on April 8, 1986. Petition-

er's motion for a protective order was denied by the trial court on June 4, 1986. On July 11, 1986, respondents notified petitioner of a rescheduled deposition on July 24, 1986.

On July 14, 1986, the Commissioner petitioned this court for a writ of mandamus seeking to vacate the trial court's June 4 order and obtain a grant of the protective order. Petitioner also filed a motion in the trial court for summary judgment on all of respondents' counts. The summary judgment motion is pending during determination of this petition.

On July 24, 1986 the trial court quashed the subpoena for taking petitioner's deposition pending resolution of this petition. On August 12, 1986, this court stayed the trial court's June 4 order and directed the parties to complete briefing.

## ISSUE

Did the trial court abuse its discretion in permitting the oral deposition of a state department commissioner?

## ANALYSIS

■ 1. Petitioner challenges the trial court's pre-trial discovery order by writ of mandamus. Discovery orders are interlocutory and not appealable as a matter of right. Challenge must be made by extraordinary writ.

"[A] writ of prohibition is *the* appropriate form of relief when a court has exceeded its power to order discovery." *See Waller v. Powers Department Store*, 343 N.W.2d 655, 658 (Minn.1984) (emphasis added); *Mampel v. Eastern Heights State Bank of St. Paul*, 254 N.W.2d 375, 377 (Minn.1977); E. Magnuson, D. Herr & R. Haydock, 3 *Minnesota Practice* § 120.4, at 345 (1985). Technically a writ of mandamus is not the appropriate remedy. We consider this petition as one for general extraordinary relief and treat it as a petition for a writ of prohibition.

■ 2. Petitioner claims the trial court's denial of a protective order prohibiting his deposition was a clear abuse of discretion because discovery into the mental processes of administrators is prohibited and government officials are immune from deposition which would burden exercise of official functions. He seeks vacation of the trial court decision and issuance of the protective order.

Discovery of the mental processes by which an administrative decision is made generally is not proper. *United States v. Morgan*, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). This is not to say that discovery is absolutely prohibited in proceedings for judicial review of agency decisions. Discovery may be permitted by the district court upon procedural matters if the discovery is appropriately limited. Persons seeking review may make inquiry through discovery to determine whether the agency adhered to statutorily defined procedures or the rules and regulations promulgated by the agency itself which enter into the fundamental decision-making process.

*Mampel*, 254 N.W.2d at 378. *Mampel* and subsequent cases demonstrate an exception to the general principle of wide-ranging discovery. Inquiry of administrative executives is limited to written query. See *Application of Lecy*, 304 N.W.2d 894, 900 (Minn.1981) (discovery regarding Commerce Commissioner limited to written interrogatories); *People for Environmental Enlightenment and Responsibility (PEER), Inc. v. Minnesota Environmental Quality Council*, 266 N.W.2d 858, 873 (Minn.1978) (reaffirming *Mampel* and holding Minnesota Environmental Quality Council members could only be required to answer written interrogatories).

[P]ublic policy requires that the time and energies of public officials be conserved for the public's business to as great an extent as may be consistent with the ends of justice in particular cases. Considering the volume of litigation to which the government is a party, a failure to place reasonable limits upon private litigants' access to responsible governmental officials as sources of routine pre-trial discovery would result in a severe disrup-

tion of the government's primary function.

*Community Federal Savings & Loan v. Federal Home Loan Bank,* 96 F.R.D. 619, 621 (D.D.C.1983).

■ Respondents attempted to obtain their discovery by written interrogatories. They assert, however, petitioner's answers have been general, vague and imprecise. In response to two questions, petitioner invited respondents to review his documentation pursuant to Minn.R.Civ.P. 33.03. Respondents state in their brief they reviewed the documentation, but the information sought was not found. They claim the specific information sought would be obtained best by oral inquiry of petitioner.

We disagree. If respondents can demonstrate ineffectiveness of questioning by interrogatory, deposition upon written questions can be made. *See* Minn.R.Civ.P. 31; *see also Mampel,* 254 N.W.2d at 378. Rule 31 deposition should provide respondents with the information they are permitted to seek. Uncooperativeness by petitioner may be treated as contempt. We grant petitioner's writ to prevent his oral deposition and remand to the trial court to fashion a protective order consistent with this opinion.

■ 3. We also conclude petitioner should not be orally deposed merely because respondents failed to pursue a contested case remedy but instead commenced a district court action. The proper method for challenging petitioner's application of the rehabilitation services statute and its regulations to respondents is by contested case where an administrative law judge can render a decision pursuant to the Administrative Procedures Act, Minn.Stat. §§ 14.-01–.70. In such a posture, clearly the Commissioner could not be orally deposed regarding his decision. *See Mampel,* 254 N.W.2d at 378.

4. Petitioner claims he is protected from being deposed in this matter because he is absolutely, or at least qualifiedly, immune from tort liability when acting within the scope of his government employment in a quasi-judicial capacity. Petitioner did not raise this issue before the trial court when requesting a protective order. We will not review issues not properly raised before the trial court. *Cf. Morton v. Board of Commissioners,* 301 Minn. 415, 427, 223 N.W.2d 764, 771 (1974).

### DECISION

Petitioner's petition seeking vacation of a trial court order denying protection from oral deposition is granted. This matter is remanded for issuance of a protective order consistent with this opinion.

Writ issued.