**Douglas HOLT, Petitioner,**

v.

**STATE of Minnesota, BOARD OF MEDICAL EXAMINERS, Respondent.**

**No. C4–88–2271.**

Court of Appeals of Minnesota.

Nov. 29, 1988.

Review Denied Jan. 13, 1989.

Thomas Strahan, Minneapolis, for petitioner.

Hubert H. Humphrey, III, Atty. Gen., Catherine Avina, Sp. Asst. Atty. Gen., Minneapolis, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SHORT, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Petitioner Holt is a physician. Respondent board temporarily suspended Holt's license to practice medicine on October 11, 1988, finding that disability has rendered Holt unable to practice without serious risk of harm to the public. A contested case hearing has been scheduled to determine what, if any, disciplinary action should be taken.

Holt objected to a subpoena compelling his psychiatrist to produce medical records. Holt asserts that a right of privacy under the Minnesota Constitution precludes disclosure, and he argues that constitutional right is distinct from the statutory physician-patient privilege. The trial court refused to quash the subpoena, concluding that Holt is not entitled to assert privilege in these proceedings. The trial court further indicated Holt's constitutional claim and other objections may be raised at the administrative hearing. Holt seeks a writ of prohibition from this court to prevent production of the medical records.

### DECISION

Holt argues this court must determine his constitutional claim before the administrative hearing. It is true that administrative bodies generally lack subject-matter jurisdiction to decide constitutional issues. *Neeland v. Clearwater Memorial Hospital*, 257 N.W.2d 366, 368 (Minn.1977). However, constitutional claims may be asserted on appeal from the final administra-

**907**

tive decision. *Id.; Padilla v. Minnesota State Board of Medical Examiners*, 382 N.W.2d 876, 882 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn.1986).

Prohibition will lie where the trial court has exceeded its lawful authority or so abused its discretion as to cause injury for which there is no other adequate remedy. *Hancock–Nelson Mercantile Co., Inc. v. Weisman*, 340 N.W.2d 866, 868 (Minn.Ct. App.1983). Holt has cited no authority which requires resolution of a constitutional claim *before* administrative proceedings, rather than on appeal after a final decision, and, further, he has failed to establish that prohibition is the only adequate remedy.

Prohibition is appropriate where a trial court has compelled disclosure of information which is *clearly* not discoverable. *Mampel v. Eastern Heights State Bank of St. Paul*, 254 N.W.2d 375, 377 (Minn.1977). Holt failed to establish his medical records are clearly not discoverable.

As the trial court noted, the board of medical examiners may obtain medical data and health records of a licensee notwithstanding the Data Practices Act, the Patient Bill of Rights, "or any other law limiting access to medical or other health data," if the board has probable cause to credit allegations of inability to practice due to illness, chemical dependency, or other deterioration of mental of physical condition. Minn.Stat. § 147.091, subd. 6(b) (1986).

Holt's claim of a distinct constitutional right to privacy protecting his medical records is contrary to the supreme court's statement that the physician-patient privilege in Minnesota "is a statutory privilege and not a constitutional right." *In re D.M.C.*, 331 N.W.2d 236, 238 (Minn.1983). Minnesota has recognized a right to privacy protecting certain fundamental rights. *Jarvis v. Levine*, 418 N.W.2d 139, 147–48 (Minn.1988) (right to privacy under Minnesota Constitution of committed persons to refuse treatment based on fundamental right to protect own body from invasion without consent); *State v. Gray*, 413 N.W. 2d 107, 114 (Minn.1987) (no fundamental right to engage in sodomy with prostitute). However, Holt has cited no Minnesota case extending such constitutional protection to medical records.

Holt failed to establish the trial court ordered disclosure of information which is *clearly* not discoverable, and prohibition will not lie. However, denial of this petition does not decide the merits of petitioner's contentions as to the claimed constitutional protection. We reserve that question for decision after completion of administrative proceedings, if an appeal is taken. *State v. Hagen*, 342 N.W.2d 160, 162 (Minn. Ct.App.1984).

Petition for writ of prohibition denied.