Gail J. CLARK, et al., Petitioners,

v.

Harold MONNENS, Respondent.

No. C9–89–252.

Court of Appeals of Minnesota.

March 21, 1989.

James Wicka, Messerli & Kramer, Minneapolis, for Gail J. Clark, et al., petitioners.

Michael Simpson, Alex B. Leibel & Associates, Minneapolis, for Harold Monnens, respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and HUSPENI and CRIPPEN, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Petitioners brought a personal injury action arising from a car accident. Respondent sought an order for an independent psychological (or "mental") examination pursuant to Minn.R.Civ.P. 35.01. The trial court found the mental condition of petitioner Gail Clark had been placed in controversy and the scope of the requested examination was appropriately limited. Petitioners seek discretionary review of the order granting the independent examination.

## DECISION

■ This court may, in the interest of justice, allow an appeal from an order which is not otherwise appealable. Minn. R.Civ.App.P. 105.01. Discretionary review affords the appellate courts an opportunity to address questions which are especially troublesome or which involve the constitutionality of statutes. *Price v. Amdal,* 256 N.W.2d 461, 462 n. 1 (Minn.1977). Only rarely will a discovery order present such issues. *See Anderson v. Florence,* 288 Minn. 351, 351–52, 181 N.W.2d 873, 874 (1970) (discretionary review granted where order presented "one of the most difficult problems encountered" in pre-trial discovery practice).

Petitioners argue that Gail Clark's mental condition is not in controversy, the respondent failed to establish good cause for an examination, and the order should have specifically stated the date of the examination, rather than permitting counsel to agree on a convenient time within 30 days. The issues presented are limited to this case, and appellate review would not settle difficult questions of general application.

■ "Normally, the trial court has a wide discretion in determining whether the discovery rules are being used by a litigant in bad faith to unreasonably annoy, embarrass, oppress, or injure a party or the witnesses, and also has a wide discretion in protecting the parties and witnesses from such abuses." *Thermorama, Inc. v. Shiller,* 271 Minn. 79, 83, 135 N.W.2d 43, 46 (1965) (citations omitted). The exercise of that discretion is not subject to interlocutory review by this court merely because a party disagrees with the result.

■ In the rare case where a trial court has compelled the disclosure of information which is clearly *not* discoverable, and future appellate review would be an inadequate remedy, the extraordinary remedy of prohibition is available. *Mampel v. Eastern Heights State Bank of St. Paul,* 254 N.W.2d 375, 377 (Minn.1977). The denial of interlocutory review or extraordinary relief does not foreclose further challenge to discovery rulings on appeal from the final decision. *Holt v. State Board of Medical Examiners,* 431 N.W.2d 905, 907 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Jan. 13, 1989).

Of course, most discovery disputes involve neither a claim of privilege nor an issue of general application. Resolution of those disputes is vested in the considered discretion of the trial courts, and we will not interfere with them by extending discretionary review.

Petition for discretionary review denied.