**In re the Marriage of Carolyn SCHRECK, Petitioner, Respondent,**

v.

**Robert E. SCHRECK, Appellant.**

**No. C8–89–548.**

Court of Appeals of Minnesota.

Sept. 26, 1989.

Review Denied Nov. 15, 1989.

Elizabeth W. Norton, Gray, Plant, Mooty, Mooty, Bennett, P.A., Minneapolis, for appellant.

Edward L. Winer, Susan Claire Rhode, Moss & Barnett, Minneapolis, for respondent.

Heard, considered and decided by KALITOWSKI, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Notwithstanding respondent's repudiation of a dissolution stipulation when it was presented to the trial court, appellant Robert Schreck contends the court could not depart from the agreement to determine an appropriate maintenance award. We affirm on this and other challenges to the maintenance award.

## FACTS

After 21 years of marriage, the parties separated in July 1986. Appellant has physical custody of the couple's only unemancipated child, who will be 17 in November 1989.

With assistance from a neighbor, a lawyer, the couple reached an agreement on dissolution issues in May 1987. A stipulation document was then signed by both parties and the lawyers who now represent them. According to the stipulation, appellant would pay monthly maintenance of $1950 for ten years and $2200 thereafter. Each party agreed to waive "all rights to modification" of this maintenance.

When the stipulation was presented to the trial court later in May, respondent's attorney, reporting that his client had changed her mind and asked that the stipulation be set aside. The stipulation was declared a nullity by the trial court and 16 months later a trial was conducted on respondent's claim for maintenance and attorney fees. All other issues were resolved by a further stipulation.

The trial court awarded permanent monthly maintenance of $2200. Observing that this award left both parties with less income than they needed for current expenses, the court also awarded respondent a share of appellant's annual bonus, 40 percent for six years, and 30 percent for the remaining years the bonus was received. The court set a $50,000 annual maximum for respondent's share. The court refused an award for attorney fees.

## ISSUES

1. Was the trial court bound by a stipulation rejected by one party before being judicially approved?

2. Did the court err in failing to set a ceiling on maintenance based on the level of respondent's determined needs?

## ANALYSIS

1. Stipulation

Appellant asserts the 1987 stipulation was an enforceable contract, citing the

statutory freedom of spouses to contract with one another except on real estate interests. Minn.Stat. § 519.06 (1986). Thus, appellant contends the trial court erred in making an award varying from the agreement. Settled matters of dissolution law conflict with this contention.

■ The authority to establish maintenance, as well as other items of relief upon dissolution, is vested in the courts. Minn. Stat. § 518.552, subds. 1 and 2 (1988) ("the court may grant a maintenance order" for amounts and duration "as the court deems just."). The court, along with the parties, has a voice in the process. As explained by the supreme court:

> The court had the authority to refuse to accept the terms of the stipulation in part or *in toto*. The trial court stands in place and on behalf of the citizens of the state as a third party to dissolution actions. It has a duty to protect the interests of both parties and all the citizens of the state to ensure that the stipulation is fair and reasonable to all.

*Karon v. Karon,* 435 N.W.2d 501, 503 (Minn.1989). There need be no independent explanation for rejecting a stipulation where the court has adequately explained its alternative award.

It profits us nothing to characterize the stipulation in terms of contract principles. Its effect on a dissolution judgment depends singularly on its harmony with standards of law as applied by the trial court. This is true if both parties urge approval of the stipulation, and it is no less true when the agreement is repudiated by either spouse.

Appellant acknowledges the court's role on issues such as child welfare, but believes a different principle should govern on maintenance, which deals only with the interests of the parties. This argument goes to public policy for existing statutory law, and power over the issue rests with the legislature. Moreover, the argument overlooks the close interrelationship of dissolution issues. Thus, for example here,

even according to appellant's own arguments, resolution of the maintenance issue affects the interests of a minor child in appellant's home.

Finally, much of appellant's contention on the stipulation is premised on decisions dealing with agreements after they are adopted by the court. *See, e.g., Hafner v. Hafner,* 237 Minn. 424, 54 N.W.2d 854 (1952). None of these cases bear on the discretion of the court before judicial action occurs on the stipulation.

Respondent contends that this issue was finally determined in a pre-trial order, and that further review of that order is precluded by the earlier order of this court stating that the pre-trial order was not appealable. The issue was inherently before the court as it exercised authority to award maintenance at variance with the stipulation. In addition, our prior special term order did no more than deny discretionary review. *See Clark v. Monnens,* 436 N.W.2d 830, 831 (Minn.Ct.App.1898) (limited effect of denying interlocutory review).

### 2. Maintenance

■ Appellant envisions the occasion when respondent's share of his bonus would exceed her needs. In its current findings, the trial court determined respondent has reasonable monthly expenses of $3516, $1316 more than the monthly maintenance payment. Those needs include short term educational expenses.

Although the court might well have set a ceiling on maintenance to diminish the concern appellant expresses, the issue need not be decided now and cannot be presently addressed without speculation on future events. Should the occasion arise when it can be demonstrated that an actual bonus share will exceed respondent's needs, including those accumulating before the share is available, the matters can then be adequately reviewed in appropriate proceedings.

We conclude it is similarly premature to consider appellant's contention that respon-

dent will establish a significant earning ability if she is reasonably diligent. The trial court's decision is expressly premised on present facts as to respondent's earning capacity.

Appellant contends the trial court disregarded needs of the child he cares for. This is not evident in the record. Expenses of the child appear to be included in needs of appellant, totaling $3,320.12, cited by the court. These needs were taken into account to determine both the monthly maintenance payments and the division of an annual bonus.

Finally, appellant challenges the trial court findings on respondent's needs, contending that they are inconsistent with evidence on total needs of the family before the parties separated, as well as evidence on the comparative amount of appellant's present expenses. There is evidence to support this trial court finding such that it is not clearly erroneous.

Respondent contends the trial court erred by failing to award her attorney fees commensurate with the burden of litigation she faced. The merit of this argument does not suffice to determine any abuse by the trial court of its wide discretion on the subject. Having considered the financial circumstances of the parties, we decline to award attorney fees on appeal.

### DECISION

The trial court did not abuse its discretion in its award of maintenance to respondent or in its denial of her request for attorney fees.

Affirmed.