**In the Matter of the Application for Combined Air and Solid Waste Permit No. 2211-91-OT-1 for the DAKOTA COUNTY MIXED MUNICIPAL SOLID WASTE INCINERATOR.**

Nos. C7-91-2551, C8-92-9.

Court of Appeals of Minnesota.

April 7, 1992.

James C. Backstrom, Dakota County Atty., Karen A. Schaffer, Asst. County Atty., Hastings, and Charles Dayton, Leonard Street and Deinard, Minneapolis, for relator Dakota County, in No. C7-91-2551.

Richard Ihrig, Sarah D. Halvorson, Lindquist & Vennum, Minneapolis, for relator ABB Resource Recovery Systems Combustion Engineering, Inc., in No. C8-92-9.

Hubert H. Humphrey, III, Atty. Gen., Eldon G. Kaul, Asst. Atty. Gen., Stephen Shakman, Ann M. Seha, Sp. Asst. Attys. Gen., St. Paul, for respondent Minnesota Pollution Control Agency.

Lawrence J. Coleman, St. Paul, for respondent Earth Protector, Inc.

John E. Grzybek, St. Paul, for respondent Clean Water Action.

Barbara J. Blumer, Eagan, for respondent Dakota County Citizens Against Burning.

Jay M. Heffern, Chief Counsel, St. Paul, for amicus Metropolitan Council.

Duncan J. McCampbell, Minneapolis, for amicus Minnesota Resource Recovery Assn.

Considered and decided by WOZNIAK, C.J., and HUSPENI and RANDALL, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Relators ABB Resource Recovery Systems Combustion Engineering, Inc. (ABB)

and Dakota County applied to the Minnesota Pollution Control Agency (PCA) for a combined air and solid waste permit for a proposed solid waste incinerator. The PCA held numerous hearings on the permit application, but ultimately denied a contested case hearing and denied the permit request. This certiorari appeal followed.

On appeal, relators ABB and Dakota County argue that the PCA's denial of the permit was affected by procedural irregularities. More than one month after the appeals were filed, ABB submitted interrogatories to PCA board members on the alleged procedural irregularities. The board members refused to respond to the interrogatories, and ABB moved this court for an order compelling responses or, in the alternative, for an order transferring this case to the district court for testimony and evidence on the alleged procedural irregularities. *See* Minn.Stat. § 14.68 (1990).

## DECISION

■ Certiorari review in this court is limited to the existing record

except that in cases of alleged irregularities in procedure, not shown in the record, the court of appeals may transfer the case to the district court for the county in which the agency has its principal office[.] * * * The district court shall have jurisdiction to take testimony and to hear and determine the alleged irregularities in procedure. Appeal from the district court determination may be taken to the court of appeals as in other cases.

Minn.Stat. § 14.68 (1990). Relators argue that this is an extraordinary case meriting transfer to the district court. We disagree.

Before the creation of this court, agency proceedings were reviewed by the district courts. Relators rely on decisions which defined the scope of discovery available in the district courts, without recognizing that this court's review of agency proceedings differs, and discovery is not appropriate or available before the court of appeals.

By decision, the supreme court narrowed the extent of discovery available in the district courts reviewing agency proceedings. *See Mampel v. Eastern Heights State Bank of St. Paul*, 254 N.W.2d 375 (Minn.1977). The court proscribed inquiry into the mental processes of agency officials, emphasizing that discovery is limited to information concerning the procedural steps required by law. *People for Envtl. Enlightenment & Responsibility v. Minnesota Envtl. Quality Council*, 266 N.W.2d 858, 873 (Minn.1978). Later, the supreme court specified five questions, limited to the procedural steps followed by the agency, on which discovery is permissible. *In re Application of Lecy*, 304 N.W.2d 894, 900 (Minn.1981).

Some, but not all, of relators' proposed interrogatories in this case would appear to fall within the limited discovery authorized by *Lecy*. However, we conclude that it is unnecessary to determine the propriety of the specific interrogatories, because relators have not established that discovery during the appellate process is an appropriate remedy in this case.

■ Certiorari review is limited to legal issues, and a certiorari appeal is not the proper forum for development of a factual record. *White Bear Rod & Gun Club v. City of Hugo*, 388 N.W.2d 739, 742 (Minn. 1986). Our review is limited to the record made in the agency, whether that record arose from a formal hearing or other proceedings. *See Dokmo v. Independent Sch. Dist. No. 11*, 459 N.W.2d 671, 675 (Minn. 1990). A complete factual record should be developed in the agency. Relators in this case made no apparent attempt to establish a factual record on the claimed irregularities in the agency proceedings.

In an analogous context, an allegation of improper ex parte contacts by agency officials *was* properly raised before the agency. *In re Minnesota Pub. Utils. Comm'n's Initiation of Summary Investigation*, 417 N.W.2d 274, 282 (Minn.App. 1987), *pet. for rev. denied* (Minn. Mar. 18, 1988 and Apr. 4, 1988). Because the claimed irregularities were raised before the agency, the agency was afforded an opportunity to respond to the allegations of impropriety and to reconsider its decision.

The PCA has been afforded no such opportunity in this case.

Development of a complete record in the agency is preferable to an attempt to develop the record for the first time on appeal. Agencies should generally permit parties to establish a record in similar cases, whether the issues arise during the proceedings or are raised in a petition for reconsideration or to vacate. In this case, relators failed to establish that they learned of the alleged procedural irregularities so long after the agency proceedings had concluded that they were unable to raise the issue before the agency, and the agency has not refused to entertain the issue in its own proceedings. Mindful of the supreme court's admonitions regarding the limited role of certiorari review and the disfavor with which it looks upon discovery into agency decisionmaking processes, we conclude that further discovery on appeal, either in this court or by transfer to the district court, is inappropriate.

Motion to compel discovery or transfer matter to district court denied.