**PROGRESSIVE INSURANCE COMPANY (PAGO PAGO) LTD.,**
**Plaintiff**

**v.**

**SOUTHERN STAR INTERNATIONAL, INC.**
**dba HONG KONG RESTAURANT, TUTUILA**
**INTERNATIONAL, INC., NTV ELECTRONICS, INC.,**
**KENNY AND HELEN YOUNG, AINOAMA FATA**
**dba NOFO'S STORE, AND DOES I-V, Defendants.**

High Court of American Samoa
Trial Division

CA No. 129-99

March 13, 2001

Before KRUSE, Chief Justice, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Roy J.D. Hall, Jr.
 For Defendants Southern Star International, Inc. dba Hong
 Kong Restaurant, and Kenny and Helen Young, Paul F. Miller
 For Defendant Ainoama Fata, Katopau T. Ainu`u

ORDER ON MOTION TO RECONSIDER ORDER QUASHING
SUBPOENA AND GRANTING PROTECTIVE ORDER

At this stage in the proceedings, defendants Southern Star International, Inc. dba Hong Kong Restaurant ("SSI"), and Kenny and Helen Young ("Youngs") (together "Defendants") in their motion for reconsideration, ask the Court to revisit an earlier decision rendered in this case. On January 29, 2001, we issued an interlocutory order granting Progressive Insurance Company (Pago Pago) Limited ("Progressive"), and the Bank of Hawaii's motions to quash the June 5, 2000 subpoena duces tecum ad testificandum for the Bank of Hawaii, and granted Progressive's motion

for a protective order against the same subpoena. On February 7, 2001, Defendants moved for reconsideration of the order. On February 21, 2001, Progressive responded with a memorandum in opposition to Defendants' motion. The next day, counsel argued the motion. For the following reasons, we deny reconsideration.

## Motion to Reconsider or for a New Trial

American Samoa statutes and rules of court provide no authority for bringing a motion to reconsider a non-final interlocutory order in a pending case. While a motion for reconsideration or a new trial is prescribed as a mandatory pre-requisite to appeal a judgment under A.S.C.A. § 43.0802, this provision applies to final decisions, not to non-final interlocutory orders.[1] Under A.S.C.A. § 43.0802(a), "[b]efore filing a notice of appeal, a motion for a new trial shall be filed within 10 days after the announcement of the judgment." The appeal must be filed "within 10 days after the denial of a motion for a new trial." A.S.C.A. § 43.0802(b). The plain language of A.S.C.A. § 43.0802 expressly mandates that motions for reconsideration or new trial be raised as a condition to appeal, almost immediately preceding that appeal.

In *Kim v. American Samoa Gov't*, 17 A.S.R.2d 193, 195 (App. Div. 1990), the Appellate Division decided that an interlocutory order must be final or fall within the collateral order exception to be appealable:

> To fall within the collateral order exception, an order must (1) conclusively resolve the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from the final judgment in the main case.

*Id.* (citations omitted). Because motions for reconsideration or new trial are brought as part and parcel of an appeal, the requirement that a pre-trial order be final or fall within the collateral order exception to the finality rule before it may be appealed likewise applies to interim orders before they may be reconsidered. *See Kim*, 17 A.S.R.2d at 195 (App. Div. 1990).

The purpose of motions for reconsideration is to conserve judicial resources by allowing the trial court the opportunity to assess and correct its own errors prior to appellate review. However, requiring the court to reconsider all interlocutory orders would run counter to this very

---

[1] Authorized by A.S.C.A. § 43.0802, T.C.R.C.P. 59 permits parties to move for a new trial or for alteration or amendment of judgment within a similar timeframe.

principle. In the interest of judicial economy we adopted the rule of finality, and the collateral order exception to the rule as outlined in *Kim*, and further apply that standard to motions for reconsideration.

Generally, pre-trial orders governing discovery are not final decisions, nor do they fall within the collateral order exception to the rule. A party affected by a court's interim discovery ruling is not foreclosed from challenging the decision on appeal from the final decision. *See Hancock v. State*, 800 S.W.2d 683, 684 (Tex. App. 1990) (denying appellate review of discovery order); *Clark v. Monnens*, 436 N.W.2d 830, 831-32 (Minn. Ct. App. 1989); *Kennedy v. Chalfin*, 310 N.E.2d 233, 235 (Ohio 1974).

Similarly, our January 29, 2001 pre-trial discovery ruling, granting the motions to quash and for a protective order, is reviewable upon appeal. Therefore, since Defendants are not precluded from challenging the discovery order upon appeal, we deny reconsideration.

## Sanctions

On June 5, 2000, Defendants served a subpoena for documents and a deposition on the Bank of Hawaii. Subsequently, Progressive and the Bank of Hawaii each moved to quash the subpoena and Progressive requested a protective order against the same. Defendants failed to file any written opposition before the hearing on the motion. Counsel for Defendants assert that, "the hearing scheduled to hear the motions inadvertently and through no fault never occurred and the subject was visited the first time during the pre-trial hearing on January 11, 2001." (Def.'s Mot. for Reconsideration 4.) Contrary to counsel's averment, counsel argued the motion on June 20, 2000, and the Court took the motion under advisement. The matter was raised during the January 11, 2001 pre-trial hearing, but only in the context of tying up loose ends in preparation for trial.[2]

We have previously warned Defendants' counsel, Mr. Miller, to consider seriously his ethical duty to be forthcoming with the Court. (Order on Motion to Quash Subpoena and for Protective Order at 4-5 (January 29, 2001).) He has failed to heed this warning. When counsel affixed his signature to his motion for reconsideration, he certified that "to the best of . . . [his] knowledge, information, and belief, formed after

---

[2] Counsel in response to the Court's inquiry on pending motions, explained that Progressive and the Bank of Hawaii's motions to quash the June 5, 2000 subpoena and issue a protective order were under advisement and awaited the Court's written decision.

an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support." T.C.R.C.P. 11(b)(3). Contrary to counsel's certification of truth, counsel falsely states that the Court did not hear the motions to quash the subpoena and issue a protective order. We judicially note that in another matter similar to the case at bar, in which Mr. Miller was the counsel of record, the Court ordered payment of reasonable expenses and attorney's fees for the bringing of the motion in the amount of $300.00. *See YHT, Inc. v. Oxford/Progressive Group*, 5 A.S.R.3d 44, 48 (Trial Div. 2001) (issuing protective order and commanding $300.00 payment for the bringing of the motion). Likewise, for counsel's transgression in this matter, we sanction him and order that he pay Progressive's costs for answering the motion in the amount of $300.00.

## Order

1. Defendants' motion for reconsideration is denied.

2. Counsel Paul Miller shall pay Progressive's reasonable expenses, including attorney's fees, of answering the motion for reconsideration in the amount of $300.00.

It is so ordered.

