EVELYN SNYKER v. OMER E. SNYKER.[1]

October 14, 1955.

No. 36,742.

*Stone, Manthey & Carey,* for relator.

*D. A. Bourgin,* for respondent.

MATSON, JUSTICE.

Application by order to show cause for an absolute writ of prohibition directed to the district court to restrain it from enforcing its order to compel the defendant, a physician, to permit discovery of, and to produce for inspection, his daily log or record of professional services and charges for each patient.

This prohibitory proceeding arises out of plaintiff's action for an absolute divorce from her husband, a physician. Clearly, evidence of defendant's income is reasonably necessary to enable the trial court to fix the amount of alimony, support money, and the property settlement in the event a divorce is granted. Pursuant to plaintiff's motion the trial court ordered the defendant to show cause why he should not be required to produce all his books and records showing the nature and extent of the accounts owing to him by patients

---

[1]Reported in 72 N. W. (2d) 357.

for professional services and the payments thereon as well as the status of such accounts over a period of years. Defendant opposed such motion on the ground that his only record of charges made and payments received also contained information which is privileged under M. S. A. 595.02(4). Defendant's system of records and accounts consists primarily of a daily log which has four principal columns bearing the following headings: Name of Patient, Services rendered, Charge, and Cash Received on Account. Under the heading of services rendered, defendant usually indicated the nature of the patients' ailments and the treatment prescribed.

Pursuant to plaintiff's motion the trial court ordered the defendant to submit his log books for the years 1949 to 1954 to an accountant who was charged with the duty of abstracting therefrom all information bearing upon the issue of defendant's income, subject, however, to the provision that said log books shall not be displayed, or in any manner revealed, by said accountant to plaintiff herself or to any person other than counsel for plaintiff. Defendant thereupon applied to this court for an absolute writ of prohibition restraining the trial court from enforcing said order.

Are defendant's records of his professional income wholly exempt from discovery and inspection because they incidentally contain confidential information which is privileged under § 595.02(4) as having been obtained in the course of the professional relationship of physician and patient?

Rule 34 of Rules of Civil Procedure provides in part that, upon motion of any party *showing good cause therefor* and subject to the provisions of Rule 30.02, the court in which an action is pending may order any party to produce and permit the inspection and copying by and on behalf of the moving party of any designated documents, papers, books, or accounts *not privileged* which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26.02 of the Rules of Civil Procedure. That plaintiff has good cause for inspecting defendant's income records is apparent.

"Discovery is one of the working tools of the legal profession, and good cause would appear to be shown where it is established that the records in question would be relevant to the issues joined in the proceeding and amount to evidence of probative value." Michel v. Meier (W. D. Pa.) 8 F. R. D. 464, 476.

Rule 26.02 limits the scope of examination to *nonprivileged* matter which is relevant to the subject matter of the pending action. Separate and apart from the privileged information which defendant's records contain, they are undoubtedly competent evidence relevant to a material issue in the cause before the court.

If defendant's income records are wholly exempt from discovery or inspection it must be solely for the reason that they incidentally contain privileged communications between physician and patient. We hold to the contrary. The statutory privilege involved herein is to be respected to the full extent reasonably necessary for the attainment of the purpose for which it was created, namely, to provide a shield for safeguarding the confidential communications between the patient and his doctor. This statutory shield is solely for the protection of the patient and is designed to promote health and not truth.[2] In dealing with evidentiary privileges of this character it is to be borne in mind that:

"* * * Their sole warrant is the protection of interests and relationships which, rightly or wrongly, are regarded as of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice." McCormick, Evidence, § 72.

Although courts must be alert to safeguard the purpose of evidentiary privileges, they must be equally alert to see that these privileges are not enforced in such a blind and sweeping manner that they unnecessarily become vehicles for the suppression of evidence which is not privileged.

Where records and documents, which are the object of discovery and inspection procedures, contain both privileged and nonprivi-

---

[2]McCormick, Evidence, § 105.

leged evidence, the trial court, in the exercise of a sound discretion, may permit their inspection *subject to express conditions and requirements which reasonably shield and protect the person for whose benefit the privilege exists.* That this may be effectively done is illustrated by the analogous cases which have arisen under Rule 34, as modified by Rule 30(b), of the Federal Rules of Civil Procedure with respect to the safeguarding of secret trade or manufacturing processes.[3]

The theory of all physician-patient privilege statutes is that patient's fear of revelation in court of information given to his doctor deter and discourage him from freely disclosing his symptoms to the detriment of his health. Although it is recognized that this theory is highly speculative,[4] we, by virtue of § 595.02(4), must assume its validity. We see, however, no reason why the patient's privilege cannot be reasonably and effectively protected when, as here, the discovery and inspection of his physician's professional records are reasonably required for other evidentiary purposes which are not privileged. Public policy forbids that the patient's protective shield ever be unnecessarily used as a sword by his physician or by any other litigant. Where the disclosure and inspection is limited to the trial judge, or as here, to his delegate, a professional accountant, who is specifically instructed to abstract only the nonprivileged information as to income and subject to the express restriction that he may not exhibit defendant's log records to any person other than plaintiff's counsel, the patient privilege is adequately protected. See, 8 Wigmore, Evidence (3 ed.) § 2212, p. 158. The nature of the provisions reasonably necessary for the protection of privileged information will necessarily vary according to the nature and the circum-

[3]See, Ferguson v. Ford Motor Co. (S. D. N. Y.) 8 F. R. D. 414; V. D. Anderson Co. v. Helena Cotton Oil Co. (E. D. Ark.) 117 F. Supp. 932; Michel v. Meier (W. D. Pa.) 8 F. R. D. 464; Marshwood Co. v. Jamie Mills, Inc. (N. D. Ohio) 10 F. R. D. 386; 2 Youngquist & Blacik, Minnesota Rules Practice, pp. 104 to 105; 2 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) pp. 394 to 397; 8 Wigmore, Evidence (3 ed.) § 2212, p. 158.

[4]See, McCormick, Evidence, § 105; Report of Committee on Improvements in the Law of Evidence, Annual Report, American Bar Assn. (1938) Vol. 63, p. 590; Vanderbilt, Minimum Standards of Judicial Administration, p. 342.

stances of each case. We here find no error or abuse of discretion by the trial court.

The writ of prohibition heretofore issued is discharged, and the order to show cause why such writ should not be made absolute is annulled. Respondent will be allowed her statutory costs.

MR. JUSTICE MURPHY, not having been a member of the court at the time of the submission, took no part in the consideration or decision of this case.