DOROTHY M. KNUDSEN, TRUSTEE FOR THE
NEXT OF KIN OF CHARLES A. KNUDSEN, v.
STANLEY PEICKERT AND ANOTHER.

221 N. W. 2d 785.

September 27, 1974—No. 44447.

*William C. Hoffman,* for appellant.

*Ernest H. Steneroden,* for respondent Peickert.

*Holst, Vogel, Erdmann & Vogel* and *Arnold F. Vogel,* for respondent Saupe.

Heard before Sheran, C. J., and Peterson, Kelly, and Todd, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

This is a wrongful death action brought by plaintiff as trustee for the next of kin of her deceased son, Charles A. Knudsen, alleging that her son's death was caused by defendant Stanley Peickert's negligent driving and by the illegal sale of intoxicating liquor to Peickert by defendant Robert Saupe, d.b.a. The Driftwood Lounge. The trial court directed a verdict for defendant Saupe, and the jury found decedent 60 percent negligent and defendant Peickert only 40 percent negligent. Plaintiff contends on this appeal from judgment and the denial of post-trial motions that the trial court erred (1) in denying plaintiff permission to examine defendant Peickert's medical records and in refusing to admit those records into evidence, and (2) in directing a verdict for defendant Saupe. We affirm.

■ Prior to trial plaintiff served a subpoena directing the medical records librarian of the Mayo Clinic to appear at trial and to bring defendant Peickert's medical records. However, the trial court, upon receiving these records, upheld defendant Peickert's assertion of privilege and refused to let plaintiff examine them. In open court, the trial court refused to admit the records into evidence as business records of the clinic, stating that not only was the information privileged but that plaintiff had not laid proper foundation for admission of the records.

Plaintiff, in challenging the trial court's rulings concerning these records, claims that under Rule 35.03, Rules of Civil Procedure, there was a waiver of privilege. Rule 35.03, effective in 1968, provides as follows:

"If at any stage of an action a party voluntarily places in con-

troversy the physical, mental or blood condition of himself, * * * such party thereby waives any privilege he may have *in that action* regarding the testimony of every person who has examined or may thereafter examine him * * * in respect of the same mental, physical or blood condition." (Italics supplied.)

Plaintiff does not claim that Peickert placed his physical condition in controversy in the instant case,[1] but that he did so by instituting a prior action for personal injury against the special administratrix of decedent's estate, an action which was dismissed without prejudice, and also by instituting a diversity action for personal injury against the special administratrix in United States District Court.

We believe that a comparison of the waiver provision of Rule 35.03 with that of Rule 35.02(2) demonstrates quite conclusively that plaintiff's position is erroneous and that the trial court's ruling was correct. Rule 35.02(2) provides as follows:

"By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the adverse party waives any privilege he may have *in that action or any other involving the same controversy* * * *." (Italics supplied.)

As we have seen, Rule 35.03, on the other hand, declares that by placing his condition in controversy in an action he waived any privilege he may have "in that action." In other words, the waiver in Rule 35.03 is narrower in scope, and Peickert, not having placed his condition in controversy in this action, has not waived any privilege in this action.[2]

---

[1] Peickert's answer merely denied negligence and alleged that it was decedent's negligence which caused the accident. It is clear that such an answer does not constitute a waiver. See Advisory Committee Note to Rule 35.03, and 2 Hetland and Adamson, Minnesota Practice, Civil Rules Ann., p. 79.

[2] We do not attach significance to plaintiff's claim that by choosing to litigate his claim for personal injury in Federal court Peickert has somehow avoided waiving his medical privilege, since Minnesota's rules concerning waiver of medical privilege are binding in the Federal

Because the trial court properly determined that Peickert did not waive his medical privilege in this action, it follows that the trial court properly refused not only to let plaintiff examine the records but also to admit the records in evidence. This being so, we need not consider the issue of whether, assuming waiver of privilege, plaintiff laid a proper foundation for admission of the records.

■ Plaintiff's other contention relates to whether the trial court erred in directing a verdict for defendant Saupe, d.b.a. The Driftwood Lounge. Plaintiff contends that Saupe was under a duty of reasonable care which required an "affirmative effort" of observation to note signs of intoxication which are not readily detectable by ordinary observation, and that because the record contains evidence which suggests that Saupe did not meet this standard the trial court erred in granting Saupe's motion for a directed verdict.

If this were an action brought pursuant to Minn. St. 1967, § 340.14, subd. 1, plaintiff's contention that the trial court erred in directing a verdict for Saupe would merit greater consideration. That is because a 1967 amendment omitted the criterion of obvious intoxication and substituted the criterion of intoxication, thereby imposing on the dispenser of intoxicating liquor "an affirmative duty, not only to utilize the usual powers of observation of a reasonably prudent person engaged in the business of selling intoxicating liquor to the public, but also to maintain a more careful scrutiny and surveillance of the patron who drinks to excess on the seller's premises." Cameron v. City of Fridley, 293 Minn. 110, 114, 197 N. W. 2d 233, 236 (1972). However, as pointed out by the trial court in its memorandum, the legislature, by L. 1971, c. 264, once again amended § 340.14, subd. 1, to prohibit any sale of intoxicating liquor to "any person *obviously* intoxicated." (Italics supplied.) Under this most recent

---

forum. Lind v. Canada Dry Corporation, 283 F. Supp. 861 (D. Minn. 1968). By bringing his action in the Federal forum, Peickert automatically waived his medical privilege in that action.

legislative directive, applicable in this case, it is clear that defendant Saupe should not be held to the affirmative duty set out above. Instead, Saupe, as a seller of intoxicating liquor, was only required, as the pre-1967 law required, to notice conduct which obviously exhibited intoxication. Since the record is barren of any evidence to the effect that Saupe served intoxicating liquor to Peickert while the latter was "obviously intoxicated," the trial court did not err in granting Saupe's motion for a directed verdict.

Affirmed.