BLUE CROSS AND BLUE SHIELD
OF MINNESOTA, Respondent,

v.

F. Wilmer LARSON, M.D., Petitioner.

No. C3–91–1073.

Court of Appeals of Minnesota.

Aug. 6, 1991.

Review Denied Sept. 17, 1991.

Louise Dovre, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Gary Renz, Minneapolis, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and KLAPHAKE, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Petitioner Larson, a psychiatrist, is the defendant in an action brought by respondent Blue Cross. Blue Cross alleges that Larson submitted false insurance claims for services he did not perform. Larson refused to disclose medical records and appointment calendars sought by Blue Cross. The trial court ordered production, with

conditions restricting access and requiring the return or destruction of all such information after this suit is concluded. Larson seeks a writ of prohibition, raising claims based on statutory privilege, "constitutional rights to privacy," and case law recognizing the importance of confidentiality in the context of psychiatric treatment.

## DECISION

Prohibition will lie where the trial court has ordered disclosure of information which is *clearly* not discoverable. *Mampel v. Eastern Heights State Bank*, 254 N.W.2d 375, 377 (Minn.1977). We hold that Larson failed to meet this burden.

Patient identity and appointment information is not absolutely privileged in Minnesota, and it may be subject to discovery, under appropriate circumstances, in an action against a physician. *See Snyker v. Snyker*, 245 Minn. 405, 72 N.W.2d 357 (1955). If a trial court permits discovery, it must establish conditions to protect the privacy of the patients. *Id.* at 407–08, 72 N.W.2d at 359. The trial court in this case required Blue Cross to make a proper showing of the need for the information and its relevance to the action, and it carefully drafted a protective order to restrict access to the patient information. Only three named individuals will have access to the information and all copies must be destroyed at the conclusion of the litigation. These conditions will insure patient privacy, while permitting proper discovery of relevant matters.

Larson objects to the lack of individual patient waivers to disclosure. Blue Cross asserts that patients waived any applicable privilege in their insurance contracts. The trial court did not address this claim explicitly, but we note that Minnesota recognizes contractual waivers of medical privilege. *See Howard v. Aid Ass'n for Lutherans*, 272 N.W.2d 910, 913 (Minn.1978).

The Minnesota Legislature has specifically authorized the disclosure of privileged patient information, without a written release, "if the information is limited to that which is reasonably necessary to detect or prevent criminal activity [or] fraud" in connection with insurance transactions. Minn.Stat. § 72A.502, subd. 2 (1990). The statute is dispositive, and it reflects the legislature's intent to permit limited discovery in cases alleging insurance fraud. Many other courts have held that patient records are not protected from discovery during insurance fraud investigations. *See, e.g., In re Pebsworth*, 705 F.2d 261, 262–63 (7th Cir.1983); *In re Zuniga*, 714 F.2d 632, 640 (6th Cir.), *cert. denied*, 464 U.S. 983, 104 S.Ct. 426, 78 L.Ed.2d 361 (1983); *United States v. Radetsky*, 535 F.2d 556, 569 n. 14 (10th Cir.), *cert. denied*, 429 U.S. 820, 97 S.Ct. 68, 50 L.Ed.2d 81 (1976). Even assuming that the information is privileged, it is subject to discovery.

This court has expressed doubt as to the existence of any constitutional right to withhold medical records, as distinguished from a statutory privilege. *See Holt v. Board of Medical Examiners*, 431 N.W.2d 905, 907 (Minn.App.1988), *pet. for rev. denied* (Minn. Jan. 13, 1989). The trial court did not address Larson's claim that patient information and identities are "constitutionally protected," and we decline Larson's invitation to decide all state and federal constitutional privacy issues on this petition for an extraordinary writ. Because no such constitutional right has been recognized in Minnesota and limited discovery of privileged patient information is authorized by statute and case law, we hold that Larson failed to establish the trial court ordered disclosure of patient information which is clearly not discoverable, and prohibition will not lie.

Petition for prohibition denied.