**Patricia MULLER, as trustee for the next of kin of Zachery Muller, Respondent (C7–95–1098), Petitioner (C2–95–1171),**

v.

**Cecil ROGERS, Petitioner (C7–95–1098), Respondent (C2–95–1171),**

**Emily Peck, Respondent.**

Nos. C7–95–1098, C2–95–1171.

Court of Appeals of Minnesota.

July 25, 1995.

James M. Sherburne, Minneapolis, for Patricia Muller, Respondent (C7–95–1098), Petitioner (C2–95–1171).

Todd S. Lundquist, Mankato, for Cecil Rogers, Petitioner (C7–95–1098), Respondent (C2–95–1171).

Kenneth R. White, Farrish, Johnson & Maschka, Mankato, Kent D. Rossi, Owatonna, for Emily Peck.

Considered at Special Term and decided by TOUSSAINT, C.J., and AMUNDSON and HARTEN, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

Cecil Rogers, the defendant in a wrongful death action arising from a motor vehicle accident, seeks a writ of prohibition, for relief from an order permitting discovery into medical information Rogers provided to the Department of Public Safety. Patricia Muller, the plaintiff in the same action, seeks a writ of mandamus, to compel discovery into personal medical records on Rogers "from 1966 to the present" and medical records of treatment administered on the day of the accident. Both petitions involve the extent of medical privilege that may be asserted by a defendant who has denied liability in a tort action. We agree that the district court has properly limited discovery, and we deny both petitions.

### DECISION

■ Prohibition will lie if the district court has ordered disclosure of information that is clearly not discoverable. *Mampel v. Eastern Heights State Bank*, 254 N.W.2d 375, 377 (Minn.1977). Because Rogers argues that the district court has ordered disclosure of information subject to privilege, prohibition is the proper remedy. *See id.*

Mandamus will lie to compel the performance of a duty clearly required by law, but it cannot control judicial discretion. Minn. Stat. § 586.01 (1994). Muller argues that she "is entitled to the release of [further] medical information," but she has not addressed the criteria for mandamus or the principle that the control of discovery is vested in the discretion of the district court. *Erickson v. MacArthur*, 414 N.W.2d 406, 407 (Minn.1987) (trial court has "considerable discretion" in granting or denying discovery requests). While one petition focuses on the district court's order compelling limited discovery and the other focuses on the denial of broad discovery, both involve the defendant's right to assert medical privilege.

A party who voluntarily places his or her own medical condition in controversy is deemed to have waived medical privilege. Minn.R.Civ.P. 35.03; *Wenninger v. Muesing*, 307 Minn. 405, 240 N.W.2d 333 (1976). This case arises from plaintiff's claim for damages arising from a motor vehicle accident, and the rule operates as a compulsory waiver of medical privilege belonging to Zachery Muller.

■ A straightforward denial of liability by a defendant does not constitute a waiver of medical privilege. *Knudsen v. Peickert*, 301 Minn. 287, 289 n. 1, 221 N.W.2d 785, 786 n. 1 (1974). Notably, *Knudsen* also involved a wrongful death action arising from a motor vehicle accident. *Id.* at 288, 221 N.W.2d at 786. The plaintiff there recognized that the defendant had not placed his condition in controversy by merely defending, and he sought, unsuccessfully, to extend an alleged waiver by the defendant in an entirely separate action to the wrongful death action. *Id.* at 288–89, 221 N.W.2d at 786.

■ Testimony elicited on cross-examination is not voluntary, and statements made by a patient on cross-examination do not constitute a waiver of medical privilege. *Briggs v. Chicago, Great W. Ry.*, 248 Minn. 418, 428, 80 N.W.2d 625, 634 (1957). The defendant in this case testified at his deposition, while subject to cross-examination, that he had no medical conditions which would affect his ability to drive. Neither that testimony nor his pleadings denying liability constitute a waiver of medical privilege.

■ Muller has cited no statute or caselaw, and our research has disclosed none, holding that a *plaintiff* may place a *defendant's* physical condition in controversy and thereby effect a waiver of the defendant's medical privilege by asserting that the defendant was impaired on the day of the accident. Her reliance on *Haynes v. Anderson*, 304 Minn. 185, 232 N.W.2d 196 (1975) is misplaced. That case involved the *plaintiff's* condition, and the discovery to be afforded a defendant disputing the cause of the plaintiff's injuries. *Id.* at 188, 232 N.W.2d at 199.

The plaintiff has the burden of establishing the elements of her claim. Plaintiff assumed that burden by bringing suit, and it would defeat the purposes underlying recognition of the physician-patient privilege to afford

wholesale access to confidential medical records of defendants on the basis of nothing more substantial than the plaintiff's election to sue.

We note that the defendant in this case has not asserted a counterclaim for injuries sustained in the accident, has not waived his privilege in a prior action, and has not voluntarily disclosed privileged medical information by prior testimony. *Cf. State v. Gore,* 451 N.W.2d 313, 318–19 (Minn.1990) (privilege not a license to perjury; voluntary testimony by a defendant opens the door to contradictory extrinsic evidence by treating physician). There is no indication that defendant in this case intends to call a physician to testify about his condition, thereby opening the door to testimony by other physicians. *Leifson v. Henning,* 210 Minn. 311, 298 N.W. 41 (1941). The plaintiff has not established that she is entitled to further discovery into the defendant's medical records, and mandamus will not lie.

■■■ A defendant whose medical condition is not in controversy is entitled to assert the physician-patient privilege to limit discovery into confidential medical records, but a defendant may waive that privilege by disclosing confidential information or failing to assert the privilege. Disclosure of otherwise confidential information to third persons with the acquiescence of the patient destroys the confidentiality of a communication and constitutes a waiver of the physician-patient privilege. *State v. Kunz,* 457 N.W.2d 265, 267 (Minn.App.1990), *pet. for rev. denied* (Minn. Aug. 23, 1990); *see State v. Andring,* 342 N.W.2d 128 (Minn.1984) (disclosure in group setting is privileged if group sessions are confidential and integral part of patient's treatment).

■■■ In this case, the defendant disclosed medical information to the Department of Public Safety "for the benefit of keeping a driver's license or obtaining handicapped license plates." Defendant voluntarily provided information about his medical condition

or, at the very least, he acquiesced in that disclosure.

■■■ The purpose of the physician-patient privilege is to protect confidential information acquired by a physician while attending a patient for the purpose of treatment. *State v. Staat,* 291 Minn. 394, 398, 192 N.W.2d 192, 196 (1971); *see Snyker v. Snyker,* 245 Minn. 405, 72 N.W.2d 357 (1956) (purpose of privilege is to promote health). The purpose of the defendant's disclosure to the Department of Public Safety was to obtain driving or licensing privileges, and not to obtain medical treatment. The defendant has not maintained the confidentiality of his medical records, and he has communicated that medical information outside the context of a patient seeking treatment. By so doing, he has waived his right to assert the privilege as to the information disclosed. *See Leifson,* 210 Minn. at 316, 298 N.W. at 43 (disclosures not essential to treatment of patient are not privileged).

We recognize that the assertion of privilege results in the suppression of evidence that "otherwise may be not only admissible but crucial to a claim or defense." *State v. Lender,* 266 Minn. 561, 564, 124 N.W.2d 355, 358 (1963).[1] Nonetheless, the rules of privilege codify policy determinations that certain relationships and situations are deserving of protection, even if crucial information is thereby withheld. *See In re D.M.C.,* 331 N.W.2d 236, 238 (Minn.1983) (physician-patient privilege in Minnesota is statutory and not a constitutional right). It is the duty of the courts to enforce the physician-patient privilege to the full extent necessary to attain the legislative policy of protecting confidential communications between patients and their physicians. *Staat,* 291 Minn. at 397, 192 N.W.2d at 196. When patients consult medical professionals for treatment, they are entitled to share information candidly, without fear that their medical records will be subject to disclosure merely because they are named as a defendant in a future lawsuit. We decline to adopt the plaintiff's argument

---

1. Because the defendant has not challenged the district court's implicit determination that his medical records are relevant to a determination of liability for the motor vehicle accident, we express no opinion on that ruling or on plaintiff's assertion that defendant's medical history is crucial to proving liability for the motor vehicle accident.

that he is entitled to waive the defendant's medical privilege unilaterally.

The district court properly denied the plaintiff's motion to compel discovery into the defendant's medical records and properly concluded that the defendant had waived his privilege as to medical information previously disclosed to the Department of Public Safety.

**Petitions for prohibition and mandamus denied.**