Tat Man CHUNG, Appellee,

v.

LEGACY CORP. and Dennis James Gray, Defendants,

and

Kip Donavan Karns, Appellant.

No. 95–197.

Supreme Court of Iowa.

May 22, 1996.

James C. Ellefson of Welp, Harrison, Brennecke & Moore, Marshalltown, for appellant.

Lad Grove, Ames, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

TERNUS, Justice.

Appellee, Tat Man Chung, was injured when the vehicle he was driving collided with a vehicle operated by appellant, Kip Donavan Karns. In this personal injury action brought by Chung to recover damages for his injuries, Chung alleged that Karns was negligent "in operating a vehicle while under the influence of alcohol." Karns denied this allegation in his answer.

Chung subsequently filed an application for the court's permission to take the deposition of the physician who treated Karns in the hospital emergency room immediately following the accident; Chung also sought production of Karns' medical records "to show [Karns'] condition and particularly his state of intoxication." Karns resisted, contending that the physician-patient privilege in Iowa Code section 622.10 (1993) protected this evidence from disclosure to third parties. The district court granted Chung's application, allowing the discovery.

We granted Karns' request to take this interlocutory appeal and now reverse the district court's ruling. We conclude a plaintiff cannot effect a waiver of the defendant's physician-patient privilege by making the defendant's medical condition an element or factor of the plaintiff's case.

## I. *Physician–Patient Privilege.*

The ultimate objective of a majority of the rules of evidence is the elucidation of truth by excluding unreliable or prejudicial evidence. 1 Kenneth S. Braun et al., *McCormick on Evidence* § 72, at 268–69 (John W. Strong ed., 4th ed. 1992) (hereinafter *"McCormick on Evidence"*). The rules of privilege, however, have a different goal. They are not designed to facilitate the fact-finding process; they exist to promote an interest in protecting "certain communications from disclosure even though the confidences may otherwise be admissible." 7 James A. Adams & Kasey W. Kincaid, *Iowa Practice: Evidence* § 501.1, at 186 (1988) (hereinafter *"Iowa Practice"*); *see also McCormick on Evidence* § 72, at 269.

The physician-patient privilege was unknown to the common law; however, it has been part of a testimonial privilege recognized in Iowa's statutes since the 1851 Iowa Code. *Iowa Practice* § 504.2, at 218. This statutory privilege is contained in Iowa Code section 622.10:

A practicing ... physician ..., who obtains information by reason of the person's employment, ... shall not be allowed, in

giving testimony, to disclose any confidential communications properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline. The prohibition does not apply to cases where the person in whose favor the prohibition is made waives the rights conferred; nor does the prohibition apply to physicians ... in a civil action in which the condition of the person in whose favor the prohibition is made is an element or factor of the claim or defense of the person or of any party claiming through or under the person. The evidence is admissible upon trial of the action only as it relates to the condition alleged.

Iowa Code § 622.10 (1993). The statutory rule of testimonial exclusion has been extended by rule to the discovery of confidential communications. *See* Iowa R.Civ.P. 122(a) (excluding privileged materials from the scope of permissible discovery); *Squealer Feeds v. Pickering*, 530 N.W.2d 678, 683 (Iowa 1995).

■ Section 622.10 is intended to promote uninhibited and full communication between a patient and his doctor so the doctor will obtain the information necessary to competently diagnose and treat the patient. *State v. Deases*, 518 N.W.2d 784, 787 (Iowa 1994); *State v. Bedel*, 193 N.W.2d 121, 124 (Iowa 1971). Some courts and commentators have suggested the physician-patient privilege is also supportable on the basis that certain communications may fall within a protected zone of privacy. *E.g., Pritchard v. Swedish-American Hosp.*, 191 Ill.App.3d 388, 138 Ill. Dec. 658, 666, 547 N.E.2d 1279, 1287 (" 'To casually allow public disclosure of [psychotherapy records] would desecrate any notion of an individual's right to privacy.' ") (quoting *Laurent v. Brelji*, 74 Ill.App.3d 214, 30 Ill.Dec. 164, 166, 392 N.E.2d 929, 931 (1979)), *appeal denied*, 127 Ill.2d 640, 136 Ill.Dec. 605, 545 N.E.2d 129 (1989); *Dillenbeck v.*

*Hess*, 73 N.Y.2d 278, 539 N.Y.S.2d 707, 711, 536 N.E.2d 1126, 1130 (1989) (noting one rationale supporting the privilege "is premised on the need to protect the privacy expectations of patients"); *McCormick on Evidence* § 105, at 391; 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 504[01], at 504–12 to 504–13 (1994).

The parties do not dispute the requested testimony and documents fall within the physician-patient privilege. *See State v. Eldrenkamp*, 541 N.W.2d 877, 881 (Iowa 1995) (the privilege extends to hospital records and to information placed in them to the same extent such information, if communicated to the physician by the patient, would be privileged).[1] The fighting issue is the applicability of the second exception to the rule prohibiting disclosure:

> nor does the prohibition apply to physicians ... in a civil action in which the condition of the person in whose favor the prohibition is made *is an element or factor of the claim or defense of the person* or of any party claiming through or under the person.

Iowa Code § 622.10 (1993) (emphasis added). The question we must decide is whether Karns' alleged intoxication is "an element or factor of [*Karns'*] defense"? For the reasons that follow we hold that although Karns' intoxication may be an element or factor of Chung's claim against Karns, it is not an element or factor of Karns' defense of that claim.

II. *Scope of Review.*

■ We review the trial court's interpretation of section 622.10 for errors of law. *Deases*, 518 N.W.2d at 787. Moreover, we have consistently interpreted this statute liberally to accomplish its goal of fostering candid communications between doctor and patient. *E.g., id.; State v. Tornquist*, 254 Iowa 1135, 1154, 120 N.W.2d 483, 494 (1963); *Newman v. Blom*, 249 Iowa 836, 844, 89 N.W.2d 349, 355 (1958); *see Iowa Practice* § 504.3, at

---

1. The *Eldrenkamp* case is distinguishable from the case we decide today. In *Eldrenkamp,* we held that blood test results of a person involved in a vehicular homicide did not fall within the physician-patient privilege. *Eldrenkamp,* 541

N.W.2d at 881. We based our decision on the fact that the blood was withdrawn in Illinois where the physician-patient privilege has been abolished in homicide cases. *Id.* This Illinois exception does not apply here.

219. This approach is consistent with the overriding principle in statutory construction: we look to the object to be accomplished and give the statute a meaning that will effectuate, rather than defeat, that object. *Thompson v. State*, 524 N.W.2d 160, 162 (Iowa 1994); *see Wellsburg–Steamboat Rock Community Sch. Dist. v. Iowa Dep't of Educ.*, 523 N.W.2d 749, 751 (Iowa 1994) ("In interpreting statutes, the ultimate goal is to ascertain and give effect to the intention of the legislature.").

### III. *Patient–Litigant Exception.*

Chung argues the exception abrogates the physician-patient privilege "when the condition of a party is in issue." The statute's plain language, as well as its underlying purpose, oppose Chung's interpretation.

■ The statute requires the condition be an element or factor of the claim or defense *of the person claiming the privilege.* The denial of an element or factor of one's *opponent's* case does not make that element or factor part of the case of the person making the denial. In other words, even though Karns denied he was intoxicated, his intoxication remains an element or factor in Chung's claim. We can state with confidence that if Karns' intoxication were not an element or factor in *Chung's* claim, it would not be an issue in the case; Karns would have no reason to make it a factor or element in *his* case. Therefore, the mere act of denying the existence of an element or factor *of an adversary's* claim does not fall within the statutory language. *Peisach v. Antuna*, 539 So.2d 544, 546 (Fla.Dist.Ct.App.1989) (statute waives privilege when "patient introduces his mental condition as an element of his claim or defense"; holding a party's "denial of allegations of mental instability does not operate as a waiver of the patient-psychotherapist privilege"); *Pritchard*, 547 N.E.2d at 1287–88 (statute allowing disclosure when patient "introduces his mental condition ... as an element of his claim or defense" interpreted as requiring patient to affirmatively place communication at issue); *State v. George*, 223 Kan. 507, 575 P.2d 511, 517 (1978) (same

statutory language as Iowa; holding not guilty plea does not place condition of patient at issue); *Merhige v. Gubbles*, 657 So.2d 1098, 1101 (La.App.1995) (statute allowing disclosure when patient "relies upon condition as an element of his claim or defense"; held answer not sufficient to place health at issue); *Shamburger v. Behrens*, 380 N.W.2d 659, 662 (S.D.1986) (statute waives privilege when patient "relies upon the condition as an element of his claim or defense"; held simple denial did not waive privilege); *In re K.S.*, 137 Wis.2d 570, 405 N.W.2d 78, 82 (1987) (statute waives privilege when patient "relies upon the condition as an element of his claim or defense"; held not waived by objecting to guardianship proceedings); *see Carlton v. Superior Ct.*, 261 Cal.App.2d 282, 67 Cal. Rptr. 568, 573 (1968) (defendant's denial of plaintiff's allegation that defendant was intoxicated at time of accident is not a "tender" of that issue so as to abrogate the physician-patient privilege under California statute); *Muller v. Rogers*, 534 N.W.2d 724, 726 (Minn.App.1995) ("A straightforward denial of liability by a defendant does not constitute a waiver of medical privilege."); *McCormick on Evidence* § 103, at 385 ("With respect to defenses, a distinction is clearly to be seen between the allegation of a physical or mental condition, which will effect the waiver, and the mere denial of such a condition asserted by the adversary, which will not.").

Any other interpretation of the patient-litigant exception would severely undermine the purpose of the statutory privilege. By choosing to adopt the privilege, the legislature made the policy judgment that complete and honest communications between a physician and patient would be enhanced by making these communications confidential. The interpretation sought by Chung would seriously thwart the legislature's goal of enhancing candid physician-patient communications. If a patient knows an adversary in a civil suit would have the power to make the patient's medical condition an issue in the case, the patient is more likely to be guarded in the information he shares with his physician.[2]

---

**2.** This effect could be most apparent for patients who have an occupation that exposes them to the

risk of professional liability suits. Physicians, accountants, engineers and lawyers, for example,

There are few cases in which an imaginative lawyer could not make the opposing party's physical or mental condition at least a factor in the case. If such tactics were sufficient to trigger the exception, there would be little left of the privilege. *See Peisach,* 539 So.2d at 546 (noting if a party could obtain privileged information simply by alleging mental infirmity, "no psychiatrist could ever assure his patient of confidentiality"); *Muller,* 534 N.W.2d at 726–27 ("it would defeat the purposes underlying the recognition of the physician-patient privilege to afford wholesale access to confidential medical records of defendants on the basis of nothing more substantial than the plaintiff's election to sue").

In contrast, our interpretation of the patient-litigant exception does not undermine the purpose of the statutory privilege; the existence of the exception will not inhibit communication between a patient and his doctor because the patient knows his statements will remain confidential unless *he affirmatively and voluntarily* chooses to reveal them by raising his condition as an element or factor of any claim or defense *the patient* makes. *See McCormick on Evidence* § 103, at 384 (policy considerations support a finding of waiver only when the *patient* has *voluntarily* placed his condition in issue in a judicial proceeding).[3]

We recognize our holding will preclude the discovery and admission of relevant evidence. That fact, however, is no reason not to apply the privilege, for it is in precisely this situation that the privilege is intended to operate. *Dillenbeck,* 539 N.Y.S.2d at 714, 536 N.E.2d at 1133; *see Merhige,* 657 So.2d at 1101 ("The waiver does not depend solely on the relevance of the privileged material, or on the adversary's need, no matter how strong, for the communication."); *Muller,* 534 N.W.2d at 727 ("the rules of privilege codify

policy determinations that certain relationships and situations are deserving of protection, even if crucial information is thereby withheld"). As the highest court of New York has observed, "Were we to carve out an exception to the privilege whenever it inhibited the fact-finding process, [the privilege] would quickly become eviscerated." *Dillenbeck,* 539 N.Y.S.2d at 714, 536 N.E.2d at 1133. The Iowa legislature presumably balanced the competing interests when it made the policy decision to adopt the physician-patient privilege. It is not for this court to question the wisdom of the legislature's decision. *See Krull v. Thermogas Co.,* 522 N.W.2d 607, 612 (Iowa 1994) ("In searching for legislative intent, we are bound by what the legislature said, not by what it *should* or might have said.") (emphasis added); *Spurbeck v. Statton,* 252 Iowa 279, 284, 106 N.W.2d 660, 663 (1960) (in considering the constitutionality of a statute, "the courts have no concern with the wisdom, justice, policy or expediency of a statute").

### IV. Disposition.

In summary, we hold Karns' denial of Chung's allegation that Karns was intoxicated at the time of the accident did not make Karns' physical condition an element or factor of his defense. Therefore, the physician-patient privilege applies. The trial court erred in ordering discovery of privileged information. We reverse and remand for trial.

**REVERSED AND REMANDED.**

---

might be particularly reluctant to share information with their doctor that might be damaging to their defense should they be sued by one of their own patients or clients. Such professionals may choose to forego treatment altogether, certainly not a result intended by the legislature when it adopted a physician-patient privilege.

3. One cannot say a party has voluntarily chosen to make his condition an issue in the case by simply denying his adversary's allegation:

Were we to adopt [this] argument, the defendant would be placed in the position of either admitting plaintiff's allegations of intoxication, or else foregoing the privilege. We do not believe that the physician-litigant exception was intended to work such a result.

*Branch v. Wilkinson,* 198 Neb. 649, 256 N.W.2d 307, 315 (1977).