STATE of Iowa, Appellee,

v.

Terry Lee SANDERS, Appellant.

No. 00–704.

Supreme Court of Iowa.

March 21, 2001.

James M. Metcalf of Metcalf Law Offices, Waterloo, and Brian G. Sayer of Dunakey & Klatt, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, T.J. Heronimus, County Attorney, and Bradley Harris, Assistant County Attorney, for appellee.

TERNUS, Justice.

The defendant, Terry Sanders, sought discretionary review of a district court order permitting the State to subpoena his medical records. Upon our review of the record and the governing legal principles, we hold that the subpoena should have been quashed. Therefore, we reverse and remand.

I. *Background Facts and Proceedings.*

On July 7, 1999, Sanders was involved in a two-vehicle accident that resulted in the death of the occupant of the other car. His blood was tested for alcohol content pursuant to Iowa's implied consent law. In addition, a separate blood test was done by the hospital where he was taken for purposes of treating his injuries.

On August 2, 1999, the State charged Sanders with vehicular homicide in violation of Iowa Code section 707.6A(1) (1999). This statute makes it a class "B" felony to "unintentionally cause [ ] the death of another by operating a motor vehicle while intoxicated." Iowa Code § 707.6A(1). Several months after commencement of the criminal prosecution the prosecuting attorney obtained a subpoena directed to the hospital commanding it to produce Sanders' medical records from July 7 and July 8, 1999.

Sanders filed a motion to quash. The district court ruled that the records fell within the physician/patient privilege but were not protected from discovery by Iowa Code section 622.10 because the subpoena did not seek testimony. *See Chidester v. Needles,* 353 N.W.2d 849, 852 (Iowa 1984) (holding that section 622.10 did not prevent a county attorney from obtaining a precharge subpoena for medical records because the subpoena did not require the disclosure of "privileged communications by the giving of testimony"); Iowa Code § 622.10 (prohibiting a physician "in giving testimony" from disclosing "any confidential communication"). The court also rejected the defendant's contention that the county attorney could not use his subpoena power pursuant to Iowa Rule of Criminal Procedure 5(6) in a postindictment context. We granted the defendant's request for discretionary review.

II. *Scope of Review and Issues.*

The district court's ruling rested on its interpretation of relevant rules and statutes. Therefore, we review for the correction of errors of law. *See State v.*

*McCoy*, 618 N.W.2d 324, 325 (Iowa 2000) (reviewing interpretation and application of statute for correction of legal error); *cf. Hasselman v. Hasselman*, 596 N.W.2d 541, 543 (Iowa 1999) (reviewing district court's interpretation of rules of civil procedure for correction of errors of law). Because we conclude that the rules of criminal procedure do not allow the county attorney to use a rule 5(6) subpoena in the situation under consideration here, we do not consider the impact of section 622.10 on the matter before us.

## III. *Discussion.*

■ Iowa Rule of Criminal Procedure 5(6) provides for the issuance of a subpoena duces tecum upon the request of a prosecuting attorney:

> The clerk of the district court, on written application of the prosecuting attorney and the approval of the court, shall issue subpoenas including subpoenas duces tecum for such witnesses as the prosecuting attorney may require in investigating an offense, and in such subpoenas shall direct the appearance of said witnesses before the prosecuting attorney at a specified time and place. Such application and judicial order of approval shall be maintained by the clerk in a confidential file until a charge is filed, in which event disclosure shall be made, unless the court in an in-camera hearing orders that it be kept confidential.

Iowa R.Crim. P. 5(6). At first blush, the references in this rule to the investigation of an offense and the maintenance of confidentiality "until a charge is filed" suggest that a rule 5(6) subpoena is solely a preindictment tool. In fact, in *Chidester*, our court noted that a rule 5(6) subpoena "is part of a county attorney's general investigatory power for use in lieu of a grand

jury proceeding." 353 N.W.2d at 852. Reading this rule in the context of the entire rules of criminal procedure leads us to the conclusion, however, that a rule 5(6) subpoena is not *limited* to the precharge phase of a criminal prosecution.

Rule 13(1) pertains to discovery in a criminal case and more particularly to "witnesses examined by the prosecuting attorney." This rule states:

> When a witness subpoenaed by the prosecuting attorney *pursuant to R.Cr.P.5* is summoned by the prosecuting attorney *after complaint, indictment or information*, the defendant shall have a right to be present and have the opportunity to cross-examine any witnesses whose appearance before the county attorney is required by this rule.

Iowa R.Crim. P. 13(1) (emphasis added). The reference in rule 13(1) to the use of a rule 5(6) subpoena "*after* complaint, indictment or information" indicates that our rules contemplate that a rule 5(6) subpoena can be used after a charge has been filed against the defendant. It is also clear, however, that rule 13(1) qualifies the county attorney's rule 5(6) subpoena power when that power is exercised postindictment. That brings us to the determinative issue in this case: Does the remainder of rule 13 governing discovery in a criminal case likewise limit the scope of a rule 5(6) subpoena when used in conjunction with a pending criminal action? We turn now to that issue.

■ Rule 13(3) governs the disclosure of evidence by the defendant. It provides in pertinent part:

> a. *Documents and Tangible Objects.* If the court grants the relief sought by the defendant under subsection 2, paragraph "b", subparagraph (1), of this rule,[1] the court may, upon motion of the state, order the defendant to permit the

---

1. Rule 13(2)(b)(1) allows the court, upon the defendant's motion, "to permit the defendant

to inspect ... items seized by the State in connection with the alleged crime." The

state to inspect and copy books, papers, documents, statements other than those of the accused, photographs or tangible objects *which are not privileged and are within the possession, custody or control of the defendant and which the defendant intends to introduce in evidence at trial.*

b. *Reports of Examinations and Tests.* If the court grants [the] relief sought by the defendant under subsection 2, paragraph "b", subparagraph (2),[2] of this rule, the court may, upon motion of the state, order the defendant to permit the state to inspect and copy *the results or reports of physical or mental examinations* and of scientific tests or experiments made in connection with the particular case, or copies thereof, *within the possession or control of the defendant and which the defendant intends to introduce in evidence at the trial or which were prepared by a witness whom the defendant intends to call at the trial when such results or reports relate to his or her testimony.*

Iowa R.Crim. P. 13(3)(a), (b) (emphasis added). As is evident from this rule, the

court may also allow the defendant "to inspect and copy books, papers, documents, statements, photographs or tangible objects which are within the possession, custody or control of the state," provided that such items are material to the defendant's preparation of his defense or "are intended for use by the state as evidence at the trial, or were obtained from or belong to the defendant." Iowa R.Crim. P. 13(2)(b)(1).

2. Rule 13(2)(b)(2) allows the court, upon the defendant's motion, to order the State "to permit the defendant to inspect and copy … any results or reports of physical or mental examinations, and of scientific tests or experiments" if such items were "made in connection with the particular case" and are "within the possession, custody or control of the state."

3. The State argues that the defendant has waived the physician-patient privilege by his alleged intent to introduce expert testimony rebutting the State's evidence of the defen-

State's discovery of materials under the defendant's control is limited once a criminal charge has been filed. Thus, the first question we must answer is whether the records at issue here fall within rule 13(3).

■ We think that the requested medical records are within the scope of rule 13(3)(b). Release of the defendant's hospital records is subject to "the medical profession's self-imposed standard of conduct, originating in the Hippocratic oath, that a physician not disclose a patient's confidences *without the patient's consent.*" *Roosevelt Hotel Ltd. P'ship v. Sweeney*, 394 N.W.2d 353, 355 (Iowa 1986) (emphasis added) (refusing to compel the plaintiff/patient to execute a waiver of the physician-patient privilege to allow the defendant's counsel to talk privately with plaintiff's physicians and obtain plaintiff's hospital records).[3] By virtue of this consent requirement, the defendant, subject to statutory law and court order, controls the release of his medical records. Because the records are within the control of the defendant, their discovery by the State is subject to the conditions set forth in rule 13(3)(b). There is nothing in the record to

dant's intoxication. The defendant responds that his expert does not intend to rely on the medical records at issue here in giving his opinions. Although the State's waiver argument is addressed to the applicability of section 622.10, an issue we do not address, we consider the State's argument anyway because it is also relevant to the issue of whether the defendant has waived his right to control the release of his medical records. We think it is clear that the defendant's action in rebutting the State's evidence would not serve to waive the statutory privilege. *See Chung v. Legacy Corp.*, 548 N.W.2d 147, 150 (Iowa 1996) (holding that "[t]he denial of an element or factor of one's opponent's case" does not operate as a waiver of the section 622.10 privilege). Similarly, we hold that the defendant's anticipated expert testimony with respect to his alleged intoxication does not waive the confidentiality of his medical records under the circumstances of this case where the expert has not used or relied on the records in reaching his opinion.

show that these conditions have been met here. Therefore, the State would not be entitled to a court order pursuant to rule 13(3)(b) requiring the defendant to allow the State to inspect and copy these records.

▮ Our conclusion that the defendant's medical records would not ordinarily be discoverable by the State in this criminal proceeding brings us to the pivotal question in this case: Can the county attorney use his rule 5(6) subpoena power to avoid the restrictions on discovery imposed by rule 13(3) when a criminal prosecution has already been initiated? We think he may not. To hold otherwise would virtually gut rule 13(3). Any time the State wanted to discover materials in the defendant's possession, custody, or control, the prosecuting attorney could simply obtain a rule 5(6) subpoena and bypass the requirements of rule 13(3). This result should not be permitted. We hold, therefore, that when the State seeks materials falling within the scope of rule 13(3) in a pending criminal prosecution, the State must comply with the prerequisites of that rule.

Based on our interpretation of the rules of criminal procedure, we conclude the district court erred in refusing to grant the defendant's motion to quash. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

All justices concur except CARTER, J., who concurs specially, and SNELL, J., who concurs specially in a separate opinion, and NEUMAN, J.,who joins in this special concurrence.

CARTER, Justice (concurring specially).

I concur in all aspects of the majority opinion and agree that it provides a proper basis for deciding this appeal. I believe, however, that the issue of privilege, which was argued in both the district court and this court, should also be addressed.

The district court concluded that the medical records which the prosecutor sought to subpoena under the authority of Iowa Rule of Criminal Procedure 5(6) were not privileged. It based this conclusion on our decision in *Chidester v. Needles,* 353 N.W.2d 849 (Iowa 1984). Although *Chidester* appears to support the district court's conclusion, I believe that case was wrongfully decided. It should be overturned before other district courts rely upon it to permit the acquisition of privileged documents or information.

The opinion in *Chidester* relies in part on the following dictum from *Noble v. United Benefit Life Ins. Co.,* 230 Iowa 471, 297 N.W. 881 (1941):

An analysis of the statute and the cases thereon ... clearly indicates that the purpose of this statute is to prohibit the giving of testimony in a court or some proceeding where the witness is under oath. In other words, there is a distinction between the disclosure of a fact and to testify to a fact.

*Noble,* 230 Iowa at 475, 297 N.W. at 884. The discussion in the *Noble* opinion draws a distinction between disclosure to private parties outside of a judicial proceeding and disclosure made as a witness in a proceeding in which the witness is under oath.

Our opinion in *Chidester* mistakenly applied the *Noble* dictum to a situation in which the issue was whether a county attorney's subpoena issued pursuant to rule 5(6) may be used to obtain medical records of a patient's condition to which the doctor who made those records would be prohibited from testifying by Iowa Code section 622.10. The opinion in *Chidester* concludes that the medical records are not testimony and thus may be obtained through a section 5(6) subpoena. I submit that this is clearly incorrect.

We stated in *Newman v. Blom*, 249 Iowa 836, 89 N.W.2d 349 (1958):

> [Medical records] are inadmissible against a patient or his privy in interest being within statutes making a position physician incompetent to testify regarding matters of which he acquires knowledge while acting in his professional capacity. The introduction of the records would obviously be an evasion of such statutes, for although the physician would not actually testify, yet the privileged matter sought to be barred would in fact be effectively placed in evidence.

*Id.* at 843, 89 N.W.2d at 354 (quoting 58 Am.Jur. *Witnesses* § 543, at 304). The conclusion thus expressed represents the scope that must be given the privilege in order to accommodate the purposes of the privilege.

Section 622.10 does not only pertain to communications made to physicians. It also applies without distinction to communications made to lawyers. It would be abhorrent for this court, as the constitutionally established tribunal of the organized bar, to approve prosecutorial invasion of lawyer's files in an attempt to obtain information to be used against the lawyer's client. It is no less abhorrent to grant such approval to raids by prosecutors on medical files.

The *Chidester* opinion attempted to bolster its conclusion on the ground that information obtained by reason of a county attorney's subpoena may not be used to perpetuate testimony. That conclusion is debatable. The statement in *State v. Hamilton*, 309 N.W.2d 471, 478 (Iowa 1981), indicating that rule 5(6) may not be used to perpetuate testimony is clearly dictum because the subpoenas in that case were invalidly issued. *Hamilton* does recognize that evidence obtained through such subpoenas may be used at trial for some purposes and nothing in that opinion places any limitation on the use of documents in a criminal trial. Indeed, rule 5(6) implicitly allows the use of documents obtained through a county attorney's subpoena after criminal charges have been brought.

In the final analysis, the fact that there may be some limitation on the prosecutor's use of the subpoenaed information at trial does not provide a basis for aborting the privilege. The privilege is designed to protect confidential communications from disclosure, and that purpose is frustrated nearly as much by compelled disclosure for investigatory purposes as by compelled disclosure for use as trial evidence.

I would consider the privilege issue argued by the parties and overrule the *Chidester* opinion.

SNELL, Justice (concurring specially).

I agree that Sanders's motion to quash should have been sustained by the district court. However, I believe Iowa Rule of Criminal Procedure 5(6) is a pre-indictment power available to the State only prior to the filing of the charges against the defendant. Rule 5(6) sets out the investigative power of the prosecuting attorney. The Rule reads:

> The clerk of the district court, on written application of the prosecuting attorney and the approval of the court, shall issue subpoenas including subpoenas duces tecum for such witnesses *as the prosecuting attorney may require in investigating an offense* .... Such application and judicial order of approval shall be maintained by the clerk in a confidential file *until a charge is filed* .... The prosecuting attorney shall have ... the services of the clerk of the grand jury.... The rights and responsibilities of such witnesses and any penalties for violations thereof shall be the same as a witness subpoenaed to the grand jury.

Iowa R.Crim. P. 5(6) (emphasis added).

Rule 5(6) is only available to the State as a pre-charge tool to obtain the evidence

necessary to file an information. Once charges have been filed against a defendant, the investigatory subpoena power no longer exists, and the State becomes bound by the rules of discovery. Rule 5(6) talks about this power in the context of an *investigation*, not discovery. The Rule is limited by its title, "Information." The Rule further gives the State the same power it would have in a grand jury investigation, as well as the same rights and penalties a subpoenaed witness would have before a grand jury.

In *Chidester*, our court recognized: "A subpoena duces tecum issued under [R]ule 5(6) is part of a county attorney's general investigatory power *for use in lieu of a grand jury proceeding*. Information obtained under this rule may not be used to perpetuate testimony for trial." *Chidester v. Needles*, 353 N.W.2d 849, 852 (Iowa 1984) (emphasis added) (citations omitted). We recognized that this is not a tool that can be used in place of discovery. This investigatory power is necessary to obtain enough evidence to file a charge against a defendant, not to obtain a conviction. "Moreover, documents produced in response to a county attorney's subpoena remain confidential *unless and until a criminal charge is filed* . . . ." *Id.* at 852–53 (emphasis added).

As *Chidester* recognized, this subpoena power is used when a grand jury is not utilized. A grand jury only sits to determine if charges are to be filed. It follows then that the investigatory subpoena power is similarly limited to pre-charge situations.

Further, I disagree with the assertion that Iowa Rule of Criminal Procedure 13(1) contemplates an investigatory subpoena being used post-indictment. Rule 13(1) merely allows the State to summon a previously subpoenaed witness. This Rule states:

> When a witness subpoenaed by the prosecuting attorney pursuant to R. Cr. P. 5 is *summoned* by the prosecuting attorney after complaint, indictment or information, the defendant shall have the right to be present and have the opportunity to cross-examine any witnesses whose appearance before the county is required by this rule.

Iowa R.Crim. P. 13(1) (emphasis added). This Rule requires that the witness first be subpoenaed pre-indictment. After charges have been filed, the witness can later be summoned with full rights of cross-examination assured to the defendant.

A summons is different from a subpoena. To summon means: "To order to appear in court by the issuance of a summons." American Heritage Dictionary 1212 (2d ed.1982). A summons is a "note issued to a person summoning him to report to court as a juror or witness." *Id.* This is a procedure used post-indictment to require a witness to provide testimony for trial. A subpoena in the context of Rule 5(6) is not meant to perpetuate trial testimony. As such, anything obtained from it remains confidential until an information is on file. If we allow the State to use its Rule 5(6) authority post-charges, a defendant would not receive the confidentiality protection inherent in this subpoena power.

Accordingly, I would sustain Sanders's motion to quash because the State has no Rule 5(6) subpoena power after a defendant is charged.

NEUMAN, J., joins this special concurrence.