# IN THE SUPREME COURT OF IOWA

No. 08–0861

Filed April 30, 2010

**STATE OF IOWA,**

Appellee,

vs.

**TODD ROBERT TAEGER,**

Appellant.

Appeal from the Iowa District Court for Des Moines County, Mark Kruse, District Associate Judge.

Defendant appeals from the State's voluntary dismissal of operating-while-intoxicated complaint. **REVERSED AND REMANDED.**

R. A. Bartolomei of Bartolomei & Lange, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Tyron Rogers and Heidi Van Winkle, Assistant County Attorneys, for appellee.

**APPEL, Justice.**

This case involves a challenge by a defendant to the State's voluntary dismissal of a criminal charge for operating a motor vehicle while intoxicated. The defendant asserts that the dismissal was not "in the furtherance of justice" as it avoided a determination on the merits of his pending motion to suppress. If adjudicated successfully, the suppression motion would have allowed the defendant to invoke a statutory remedy and have the evidence of his intoxication excluded in the civil proceeding to suspend or revoke his driving privileges. Without an adjudication, the defendant had no grounds to challenge the introduction of such evidence in the civil proceeding. The district court granted the State's motion to voluntarily dismiss over the defendant's objection. Upon our review, we reverse the dismissal and remand the case for further proceedings.

## I. Factual and Procedural Background.

Burlington police officer Brian Carper observed the vehicle of Todd Taeger stopped in the travelled portion of the street. As he approached the vehicle, Carper saw Taeger standing outside the vehicle, urinating in the street. Taeger showed signs of intoxication—stumbling, swaying back and forth, and having bloodshot, watery eyes. His speech was slurred and a strong odor of alcohol was present. Taeger admitted to consuming four beers. Carper administered field sobriety tests, all of which indicated intoxication. The officer then requested a preliminary breath test, which indicated that Taeger's blood-alcohol level was above the legal limit. Carper arrested Taeger. A Datamaster test administered after his arrest revealed a blood-alcohol level of .258. Thereafter, Taeger admitted to drinking ten cans of beer throughout the course of the afternoon and evening.

The State charged Taeger with operating a motor vehicle while intoxicated (OWI), second-offense, in violation of Iowa Code section 321J.2(1)(*a*) and (*b*) (2007). Taeger filed a motion to suppress, claiming that: (1) the State used a TraCS software system on the Datamaster that was not approved by the commissioner of public safety, and (2) the State could not produce a certificate that the officer was trained and certified to utilize the TraCS computer software on the Datamaster.

During the hearing on Taeger's motion to suppress, the State moved to voluntarily dismiss the OWI charge. In the written motion to dismiss, the State declared, "While there was probable cause for the arrest, the State does not believe it has sufficient evidence to establish a prima facia case at trial." The defense resisted the dismissal, asserting that: (1) the court should address his motion to suppress first, (2) under our rules of criminal procedure, the State has the burden of stipulating why it was seeking to dismiss the charge, (3) cutting off the motion to suppress improperly prevented him from excluding evidence in the subsequent civil proceeding, and (4) because he was charged with second-offense OWI, an aggravated misdemeanor, the State could refile the charges.

The State at this point conceded to a dismissal with prejudice. Citing our recent decision in *State v. Abrahamson*, 746 N.W.2d 270 (Iowa 2008), the district court asked why dismissal would be in the furtherance of justice. The State responded:

> Your Honor, there have been facts come [*sic*] to light to the State that has made the State fully aware the State cannot proceed forth on these charges. It just is factly [*sic*] impossible, so the State is conceding or asking to dismiss the charges at this time against the defendant and have them be with prejudice.

The State further conceded that the officer was not properly certified, but would make no concession in regard to the use of the TraCS system.

At this point, the district court inquired as to the impact of the motion to dismiss on the license revocation proceeding. The defense responded:

> Administratively, this is the only way I can go after this. If you enter a factual finding that the test result would not come in because the officer was not certified, then he's entitled to get his license back. It's the only way he can do it at this stage because it's the only way procedurally I can attack it.

In light of the defense position, the district court asked the State whether it was willing to dismiss due to the fact that the officer was not certified. Notwithstanding its prior concession, the State stated, "No, the State is not conceding he's not certified for the DataMaster." The court then pressed the State, asking if there was a specific fact that led to dismissal in the furtherance of justice. The State responded that it was only conceding that there was a lack of documentation for the TraCS system, so it could not go forward.

Taeger argued that the State's concession provided grounds to grant its motion to suppress. The district court, however, did not grant the motion to suppress, but instead granted the motion to dismiss, stating:

> I'll show it dismissed. I think there's been at least compliance with the Supreme Court decision; there's been— The State's reasons are set forth here today. They are on the record, and I think that complies with it. I'll take that as being in the interest of justice since they believe they cannot prove the case.

The district court entered a written order dismissing the charge with prejudice. Taeger appealed. This court granted discretionary review.

## II. Standard of Review.

The parties disagree on this court's standard of review. Taeger asserts that to the extent he has raised constitutional issues, review is de novo. Further, Taeger asserts that the question of whether the State complied with Iowa Rule of Criminal Procedure 2.33(1) should be reviewed for correction of errors at law. The State, on the other hand, asserts that this court reviews whether a dismissal was "in the furtherance of justice" under Iowa Rule of Criminal Procedure 2.33(1) for an abuse of discretion.

It is well-established that this court's review of constitutional issues is de novo. *See, e.g., State v. Lyman*, 776 N.W.2d 865, 873 (Iowa 2010). Upon our review of the briefing, however, we conclude any due process challenge has not been adequately raised on appeal. While Taeger notes, "It requires no citation that notice and an opportunity to be heard is the essence of the concept of both procedural and substantive due process," there is no discussion of how Taeger was deprived of notice and an opportunity to be heard. A simple statement of a principle of law in a brief, without more, is not enough to raise an issue for this court's review. *City of Clinton v. Loeffelholz*, 448 N.W.2d 308, 311–12 (Iowa 1989).

On the issue of the proper standard of review under Iowa Rule of Criminal Procedure 2.33(1), there are two components. The first question—whether the statement of reasons for dismissal complied with the rule—is a question of law. *State v. Sanders*, 623 N.W.2d 858, 859–60 (Iowa 2001); *Hasselman v. Hasselman*, 596 N.W.2d 541, 543 (Iowa 1999). If the stated reasons are legally sufficient, the second question is whether dismissal was "in the furtherance of justice." This later determination is reviewable for an abuse of discretion. *State v. Brumage*, 435 N.W.2d 337,

341 (Iowa 1989). This court " 'will not find an abuse of discretion unless the defendant shows that the trial court's discretion was exercised on grounds clearly untenable or clearly unreasonable.' " *State v. Henderson,* 537 N.W.2d 763, 766 (Iowa 1995) (quoting *State v. Knox,* 464 N.W.2d 445, 446 (Iowa 1990)).

### III. Discussion.

Resolution of this case is contingent on the interplay between chapter 321J and our rules of criminal procedure. The history and policy supporting each doctrine will be addressed in turn.

**A. Chapter 321J.** Entitled "Operating While Intoxicated," Iowa Code chapter 321J is a comprehensive chapter detailing both criminal and civil OWI proceedings. Section 321J.2, for example, sets forth the elements and penalties for the crime of operating a motor vehicle while intoxicated, while sections 321J.9 and .12 suspend or revoke a person's driver's license based upon a blood-alcohol test in excess of the legal limit or a refusal to submit to a blood-alcohol test. Under chapter 321J, therefore, an individual suspected of OWI is subject to two different proceedings—the criminal charge and the civil license revocation before the Iowa Department of Transportation (IDOT).

This court addressed the intersection of criminal OWI proceedings and the civil, administrative license hearings in *Severson v. Sueppel,* 260 Iowa 1169, 152 N.W.2d 281 (1967). In *Severson,* this court noted that although the two proceedings arise out of the same conduct, they proceed independently of the other. *Severson,* 260 Iowa at 1176, 152 N.W.2d at 285. Therefore, "[a]cquittal of the criminal charge of operating a motor vehicle while intoxicated did not preclude [revocation of] plaintiff's driver's license." *Id.*

The divorce between the two proceedings was reaffirmed in *Westendorf v. Iowa Department of Transportation*, 400 N.W.2d 553 (Iowa 1987). In *Westendorf*, the issue was whether evidence obtained in violation of the constitution was admissible in the civil license proceeding, even if the same evidence was inadmissible in the parallel criminal proceeding. *Westendorf*, 400 N.W.2d at 556. Using a cost-benefit analysis, this court determined that the exclusionary rule did not apply in the license proceeding, thereby allowing the introduction of evidence in the civil proceeding that was suppressed in the criminal proceeding. *Id.* at 557.

Subsequent to *Westendorf*, the legislature enacted section 321J.13(4), now codified in section 321J.13(6). That section provides in relevant part:

> 6. *a.* The department shall grant a request for a hearing to rescind the revocation if the person whose motor vehicle license or operating privilege has been or is being revoked under section 321J.9 or 321J.12 submits a petition containing information relating to the discovery of new evidence that provides grounds for rescission of the revocation.
>
> *b.* The person shall prevail at the hearing if, in the criminal action on the charge of violation of section 321J.2 or 321J.2A resulting from the same circumstances that resulted in the administrative revocation being challenged, the court held one of the following:
>
> (1) That the peace officer did not have reasonable grounds to believe that a violation of section 321J.2 or 321J.2A had occurred to support a request for or to administer a chemical test.
>
> (2) That the chemical test was otherwise inadmissible or invalid.
>
> *c.* Such a holding by the court in the criminal action is binding on the department, and the department shall rescind the revocation.

Iowa Code § 321J.13(6).

This court's first opportunity to consider the impact of section 321J.13(6) on the division between criminal and civil OWI proceedings was in *Manders v. Iowa Department of Transportation*, 454 N.W.2d 364 (Iowa 1990). While this court reaffirmed *Westendorf*—that it was immaterial that the evidence of intoxication was unconstitutionally obtained for purposes of the civil license proceeding—it did not directly address the impact or legislative policy behind the enactment of section 321J.13(6). *Manders*, 454 N.W.2d at 366–67. Resolution of that issue was unnecessary as there was no evidence Manders had been criminally adjudicated for OWI, so section 321J.13(6) had not been triggered. *Id.*

The question left open in *Manders*—whether section 321J.13(6) "operates as an exclusionary rule 'in the limited situation in which an adjudication on the admissibility of evidence relevant to the implied consent law has been made in a criminal proceeding growing out of the same facts,' "—was addressed that same year in *Brownsberger*. *Brownsberger v. Dep't of Transp.*, 460 N.W.2d 449, 451 (Iowa 1990) (quoting *Manders*, 454 N.W.2d at 366). In *Brownsberger*, this court determined that in enacting section 321J.13(6), the legislature was attempting to remove some of the barriers between the civil license proceeding and the criminal OWI prosecution. *Id.* To effectuate that purpose, the legislature fashioned a mandatory exclusionary rule that binds the IDOT to certain actions taken in the criminal proceeding. *Id.* Section 321J.13(6), therefore, constitutes a mandatory exclusionary rule, which prevents the introduction of evidence in a civil license proceeding that has been suppressed in the parallel criminal proceeding.

**B. Iowa Rule of Criminal Procedure 2.33(1).** "Under the common law, in absence of a controlling statute or rule of court, the power to dismiss a criminal charge . . . lies in the sole discretion of the

prosecutor." *Manning v. Engelkes*, 281 N.W.2d 7, 10 (Iowa 1979). Numerous states, including Iowa, have deviated from this common law tradition of unfettered prosecutorial discretion. *Id.* Iowa Rule of Criminal Procedure 2.33(1) prescribes the procedure by which a prosecutor may seek dismissal of a pending criminal charge.[1] The rule states:

> The court, upon its own motion or the application of the prosecuting attorney, in the furtherance of justice, may order the dismissal of any pending criminal prosecution, *the reasons therefor being stated in the order and entered of record*, and no such prosecution shall be discontinued or abandoned in any other manner. Such a dismissal is a bar to another prosecution for the same offense if it is a simple or serious misdemeanor; but it is not a bar if the offense charged be a felony or an aggravated misdemeanor.

Iowa R. Crim. P. 2.33(1) (emphasis added).

While this court has had few occasions to examine the contours of rule 2.33(1), prior case law does establish some basic parameters. First, a district court may overrule a motion to dismiss where there has been an abuse of prosecutorial discretion or the dismissal is sought in bad faith. *Manning*, 281 N.W.2d at 11–12. " 'Likewise, dismissals sought on grounds far afield of the law or facts, even though innocently motivated, would warrant this Court's disapproval.' " *Id.* at 12 (quoting *United States v. Hastings*, 447 F. Supp. 534, 536–37 (E.D. Ark. 1977)).

Second, our rule of criminal procedure requires more than a cursory explanation for the dismissal. For a court to properly exercise its discretion under rule 2.33(1) the State must offer "a more substantial record than [a] bare motion." *Id.* at 13. In making a motion to dismiss, therefore, "the State must provide appropriate and sufficient reasons for

---

[1]Rule 2.33(1) applies only to the dismissal of pending criminal charges. Prosecutors in Iowa retain discretion not to proceed with the formal filing of criminal charges.

the dismissal." *Abrahamson*, 746 N.W.2d at 273. Adequately stating the grounds for dismissal also allows for appellate review of a district court's decision to grant or deny the dismissal. *See, e.g., Lakewood v. Pfeifer*, 583 N.E.2d 1133, 1136 (Ohio Mun. Ct. 1991) (rejecting dismissal for "insufficient evidence"). An appellate court cannot evaluate whether a district court properly exercised its discretion without a record of the grounds on which such discretion was exercised.

**C. Application of Principles.** Taeger argues that the district court improperly granted the State's motion to dismiss because the court's written decision did not adequately set forth the grounds for dismissal in compliance with rule 2.33(1). He further asserts that the State is attempting to avoid the application of Iowa Code section 321J.13(6) by preemptively moving to dismiss the criminal OWI action when it became clear that he would prevail on the motion to suppress. Under such circumstances, dismissal of the criminal action without an adjudication on the motion to suppress was not "in the furtherance of justice."

The State conversely asserts that while it may have given conflicting grounds for the dismissal, it provided adequate grounds to support a dismissal under rule 2.33(1). Without evidence of bad faith, nothing further is required under the rule for dismissal, even in the unique context of section 321J.13(6). According to the State, Taeger's remedy, if any, lies outside the context of these criminal proceedings.

We agree with Taeger. As in *Brownsberger*, this court's task is to interpret the interplay between 321J.13(6) and rule 2.33(1) in a way that will advance the expressed legislative purpose. *Brownsberger*, 460 N.W.2d at 451. In enacting section 321J.13(6), the legislature intended to provide a remedy in the civil licensing proceeding, even if incomplete,

when the evidence of intoxication was obtained in violation of constitutional or statutory law.

In determining whether a dismissal is "in the furtherance of justice" under rule 2.33(1), the policy expressed in section 321J.13(6) cannot be ignored. It is clear that the legislature in section 321J.13(6) desired to allow those accused of OWI to utilize favorable judicial determinations on suppression motions in criminal cases in the parallel civil proceeding. To allow prosecutors to dismiss criminal cases while motions to suppress are pending in order ensure that section 321J.13(6) is not triggered would be to sanction a manipulation that is not "in the furtherance of justice" in light of the clear legislative direction.

As a result, once a motion to suppress has been filed, dismissal under rule 2.33(1) will only be "in the furtherance of justice" when the State articulates grounds for dismissal independent of those raised in the motion to suppress. If the State fails to show such independent grounds, the motion to dismiss should be denied and the court should proceed to an adjudication on the motion to suppress. After the motion to suppress has been determined, the prosecution may then renew its motion to dismiss "in the furtherance of justice" free from the policy constraints of section 321J.13(6).

The fact that the State conceded to a dismissal of the charges against Taeger with prejudice in this case does not change our analysis. While the State asserts that it should have complete discretion to seek a dismissal with prejudice, such an assertion is not consistent with the broad language of rule 2.33(1). Rule 2.33(1) grants district courts discretion in reviewing all motions for dismissal and does not distinguish as to the type of dismissal sought.

While the reasons for the State's motion to dismiss in this case are opaque, they appear to mirror the assertions raised in Taeger's motion to suppress. Dismissal of the criminal charges against Taeger, prior to the adjudication of his motion to suppress, therefore, was in error based on the proferred reasons. In light of our ruling, the order of the district court dismissing the case is reversed and the matter is remanded to the district court for an adjudication on the motion to suppress.

**IV. Conclusion.**

For the reasons stated above, the decision of the district court is reversed and the case remanded for further proceedings.

**REVERSED AND REMANDED.**