# IN THE COURT OF APPEALS OF IOWA

No. 14-0776
Filed March 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KIMBERLY KURKA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Marsha M. Beckelman (motions) and Mitchell E. Turner (sentencing), Judges.


        Kimberly Kurka appeals the judgment and sentence entered following her plea of guilty to first degree theft.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Robert H. Sand and Laura N. Roan, Assistant Attorneys General, for appellee.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Kimberly Kurka appeals the district court's order denying her motions in arrest of judgment and granting the State's motion to dismiss one of the two counts to which she pled guilty. Kurka also appeals her sentence, asserting the district court improperly considered unproven crimes. We affirm Kurka's conviction and sentence.

## I.    *Background Facts and Proceedings*

The State charged Kimberly Kurka with five counts of theft in the first degree and one count of tampering with records following alleged conduct by Kurka taking place between January 2008 and December 2010 while she worked as the officer manager for an Iowa City law firm. The State alleged Kurka stole money from the firm in various ways, including paying herself increased wages, taking client funds for herself rather than depositing them in the bank, and using the firm credit card for personal purchases.

On March 28, 2013, Kurka appeared before the district court with her attorney Zachary Crowdes and entered guilty pleas to two counts of first-degree theft (counts I and IV) in exchange for the State's dismissal of the other four counts. Kurka also agreed she would pay restitution as proven on all counts. The court accepted Kurka's pleas and scheduled sentencing for May 20.

The State thereafter filed a sentencing memorandum requesting incarceration "for a period not to exceed ten years" and a statement of pecuniary damages, with attached exhibits, seeking approximately $300,000 in restitution from Kurka.

Shortly before sentencing, Kurka retained new counsel, Victoria Cole, who entered an appearance on May 16.[1]  That day, attorney Cole filed a motion to continue sentencing and a motion to extend deadline for the filing of post-plea motions, which had expired on May 13.[2]  Following hearing, the district court denied the motions, concluding the deadline for a motion in arrest of judgment had passed, as it was more than forty-five days after Kurka's guilty pleas and less than five days before the sentencing hearing, *see* Iowa R. Crim. P. 2.24(3)(b) (providing a motion in arrest of judgment "must be made not later than 45 days after plea of guilty . . . upon which judgment of conviction may be rendered, but in any case not later than five days before the date set for pronouncing judgment"), and there were no specific grounds asserted challenging the guilty plea proceeding.

Meanwhile, on May 17, attorney Cole filed a motion in arrest of judgment, alleging attorney Crowdes had failed to file a motion in arrest of judgment to claim Kurka "is innocent of the charges against her, that she was pressured into pleading guilty, that she was concerned of going to trial with an inexperienced attorney, and that but for his errors and advice, she would not have plead guilty and would have insisted on going to trial."  On May 20, attorney Cole filed a supplemental motion in arrest of judgment, claiming Kurka's guilty pleas were not knowing or voluntary because she was not informed of the "possibility of being sentenced to consecutive terms of incarceration."

---

[1] The court granted attorney Crowdes's motion to withdraw on May 17.
[2] Kurka's guilty plea was entered on March 28; the forty-five day deadline for filing a motion in arrest of judgment was May 13, and the five-day deadline before sentencing was May 15.  *See* Iowa R. Crim. P. 2.24(3)(b).

The court acknowledged the pending motions in arrest of judgment at the sentencing hearing on May 20. Attorney Cole asked the court to reconsider its ruling on Kurka's motion to extend the deadline for the filing of post-plea motions "in order to hear the motions in arrest of judgment that [Kurka] filed with the Court," and claiming the failure of attorney Crowdes to file a timely motion in arrest of judgment was good cause to extend time. The court declined to rule on the merits of Kurka's motions in arrest of judgment but heard Kurka's statements about her final contacts with her attorney Crowdes, including Kurka's testimony that she told Crowdes on May 9 that she wanted to withdraw her guilty plea and he told her the motion was "prepared and ready to be filed." Ultimately, the court granted Kurka's motion to reconsider, scheduled a hearing on the motions in arrest of judgment, and continued sentencing.

Meanwhile, the State filed a motion to dismiss count IV and deny Kurka's motion in arrest of judgment, alleging dismissal of one count would cure the alleged defect in the plea proceeding (i.e., the failure to advise Kurka of the possibility of consecutive sentences). The court took these motions up during the hearing on the motions in arrest of judgment.

In ruling on the pending motions, the court reviewed the plea transcript, Kurka's May 20 testimony, and attorney Crowdes's deposition testimony. The court granted the State's motion to dismiss count IV and denied Kurka's motions in arrest of judgment.[3] Judgment was entered on count I and Kurka was

---

[3] In its ruling, the court also granted the State's motion to reconsider its prior ruling on Kurka's motion to reconsider the court's denial of her motion to extend deadlines, concluding Kurka "did not have good cause for an extension to extend the deadline for filing post-plea motions at the time [her] Motion to Extend Deadlines was filed."

sentenced to serve a term of imprisonment not to exceed ten years and pay restitution. Kurka now appeals.

## II.    *Guilty Plea*

Kurka contends the district court abused its discretion in denying her motions in arrest of judgment, which challenged the knowing and voluntary nature of her guilty pleas. Kurka acknowledges her motions in arrest of judgment "were not timely filed." Kurka's failure to timely pursue her motions would normally prevent her from contesting her guilty plea on appeal. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). But Kurka is not precluded from challenging the validity of her plea under a claim of ineffective assistance of counsel, a claim that she also raises. *See id.* ("Ineffective-assistance claims are an exception to our normal rules of error preservation.").

We review claims of ineffective assistance of counsel de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). Ineffective-assistance-of-counsel claims are generally preserved for postconviction proceedings "unless there is a satisfactory record upon which to draw a conclusion." *See Rodriguez*, 804 N.W.2d at 848. Here, the record is sufficient for resolution on direct appeal.

> Due process requires the defendant enter his guilty plea voluntarily and intelligently. If a plea is not intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty. In order to ensure a guilty plea is voluntarily and intelligently made, the court must articulate the consequences of the plea to the defendant.

*State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citations and quotation marks omitted). Specifically, Kurka contends attorney Crowdes was ineffective "by failing to file a motion in arrest of judgment where the court had not informed

[her] of the maximum possible punishment." This claim implicates a failure of the district court to comply with Iowa Rule of Criminal Procedure 2.8(2). That rule provides, in relevant part:

> **2.8(2)** *Pleas to the indictment or information*.
> . . . .
>     *b. Pleas of guilty*. The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>     . . . .
>     (2) [T]he maximum possible punishment provided by the statute defining the offense to which the plea is offered.

Iowa R. Crim. P. 2.8(2). Substantial compliance with this rule is required. *See State v. Myers*, 653 N.W.2d 574, 577-78 (Iowa 2002).

We have reviewed the guilty plea colloquy and it is apparent Kurka was not advised of the possibility of consecutive sentences. The parties agree on this issue. Attorney Crowdes did not bring this matter to the court's attention or file a motion in arrest of judgment on this ground. In this situation, attorney Crowdes held a duty to correct this omission of the court. *See Straw*, 709 N.W.2d at 134; *State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009) (recognizing counsel's duty to correct any omission by the court during plea proceedings so that the defendant may be fully informed when entering a guilty plea).

Kurka can succeed on her ineffective-assistance claim only by establishing both that her counsel failed to perform an essential duty and that prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, Kurka's primary challenge to the guilty plea proceeding (the failure to be informed of the possibility of consecutive sentences) was effectively cured when

the court granted the State's motion to dismiss count IV, such that Kurka pled guilty only to count I.[4]   Indeed, Kurka received an even more favorable plea agreement than she had bargained for—one that resulted in her guilty plea to count I and the State's dismissal of counts II, III, IV, V, and VI.  This is despite the fact that the minutes provided a strong case against Kurka on the charges against her.   Further, considering Kurka's May 20 testimony and attorney Crowdes's deposition testimony, we do not find the additional grounds set forth by Kurka in her initial motion in arrest of judgment (innocence, pressure, lack of investigation) to be persuasive.

Upon our review of the record, we conclude Kurka has failed to show "a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial."  *See Hill v. Lockhart*,

---

[4] Kurka claims the district court abused its discretion in granting the State's motion to dismiss.  In the motion, the State noted in part:

> 2. At her guilty plea hearing, proper procedure and due process was followed, with one possible alleged exception.  The judge told the defendant that "each" Theft 1" Count was punishable by up to ten years imprisonment, but did not specifically inform the defendant of the possibility of "consecutive sentences."
>
> 3. After pleading guilty, the defendant decided that she wanted her plea withdrawn.  The only alleged defect in her guilty plea is that the judge did not inform her of the possibility of consecutive sentences.
>
> 4. The State entered the plea agreement in good faith and wishes the court to follow its sentencing recommendation of up to ten years imprisonment.   The State does not wish the Court to exceed that sentence.  The State discussed this matter with the victims in the case, and they wish to see the plea agreement followed as well.
>
> 5. Thus, as a demonstration of good faith on its part of the plea agreement, and in the interest of justice and judicial economy, the State moves the Court to dismiss Count 4, one of the counts to which the defendant pled guilty.  Dismissing Count 4 cures any alleged defect in the plea by making the maximum incarceration of the defendant ten years, matching the information the judge clearly gave her at her plea hearing.

Upon our review, we conclude the State's motion to dismiss was made in good faith, *see State v. Taeger*, 781 N.W.2d 560, 566 (Iowa 2010); *see also* Iowa R. Crim. P. 2.33(1), and the court acted within its discretion to grant the motion.

474 U.S. 52, 59 (1985) (setting forth prejudice standard to show counsel was ineffective in the context of a guilty plea). Kurka's claim fails on the prejudice prong. *See Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (noting a claim of ineffective assistance of counsel fails if either element is lacking).

### III.  *Sentencing*

Kurka also contends the district court improperly considered "evidence of the other crimes that were dismissed," including the victims' statements referring to hundreds of acts of theft committed by Kurka over several years, which went beyond the offense she pled guilty to. According to Kurka, "The court sentenced her to prison because of the ongoing nature of the crimes."

In delivering Kurka's sentence, the court stated:

> Okay. Ms. Kurka, this conduct went on for a period of three years. Were you promising me that you had made a mistake and that you were sorry for it, and you had made only one mistake, I would probably believe you. If you told me that you had made 20 mistakes, and that you were sorry for it, I would probably believe you. While I'm not taking this as written in stone, Mr. Foster has indicated that you made 182 mistakes just in 2010. And this wasn't a case where you self-disclosed. This was a case that went on for a long time. Every single day I see people who are sitting where you're sitting telling me when I'm sitting here where I'm sitting how sorry they are and how it's never going to happen again. Your attorney has talked about the trust in the community that you have lost. You betrayed trust of people who believed in you, who knew you, not strangers; people that knew you. You can't go back and undo the mistakes that you made. But there comes a point in time where saying I'm sorry after the fact simply isn't good enough.
> . . . .
> Ms. Kurka, the reason for my sentence are the facts and circumstances as set forth in the Presentence Investigation. Please believe me, I read every single one of your statements that folks—your friends were good enough to submit on your behalf. Many of them were impressive, I will say that. Apparently you had a reputation in the community or from people—other people that you care about that was very good and honorable. But what you did in this case, the violation of the trust, not once, not twice, not

even a hundred times, but hundreds of times is simply unconscionable.

Our review is for correction of errors at law. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). The decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The sentence will not be upset on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Thomas*, 547 N.W.2d at 225. The consideration by the trial court of impermissible factors constitutes a defect in the sentencing procedure. *Id.* If a court considers unprosecuted and unproven charges, we remand for resentencing. *Formaro*, 638 N.W.2d at 725.

Sentencing courts may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the defendant committed the offense or (2) the defendant admits it. *State v. Jose,* 636 N.W.2d 38, 41 (Iowa 2001). In somewhat different phraseology, our supreme court has stated, "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges *unless the defendant admits to the charges* or there are facts presented to show the defendant committed the offenses." *Formaro,* 638 N.W.2d at 725 (emphasis added).

When a sentence is challenged on the basis of improperly considered, unproven criminal activity, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on. There is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). However, if a court uses any improper consideration in determining a sentence, resentencing is required. *Grandberry*, 619 N.W.2d at 401. This is true even if the improper factors are a "secondary consideration." *Id.* We are not free to "speculate about the weight the trial court mentally assigned to [the improper factors]." *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981).

Kurka pled guilty to counts I and IV, which covered two forms of theft over a period of three years, covering numerous acts. In referencing the "182 mistakes just in 2010," the sentencing court was referencing the victim's impact statement made at the hearing, which the court stated it was "not taking this as written in stone." We view this merely as an acknowledgment of the victim impact statement. Our supreme court has stated:

> We construe the district court's statement regarding the financial loss to the victim to be merely a reference to consideration of the victim's impact statement in general as required by Iowa Code section 901.5. We do not believe, as Sailer urges, that this statement reveals the district court improperly considered unproven offenses in determining the sentence. As we noted in the previous section, it is essential to the purpose of the victim impact statement that the victim be given an opportunity to fully convey the impact a crime has had. Although this may at times result in the airing of allegations which are unproven, we trust that our district courts, when weighing such statements, as part of the sentencing determination, will filter out improper or irrelevant evidence. Without clear evidence to the contrary, we assume the district court did so in the case at bar.

*State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998).  With no clear evidence to the contrary, we assume the district court did not improperly consider the victim impact statement.

Furthermore, at the outset of the sentencing hearing, Kurka did not object to the presentence investigation report (PSI) and accepted it without corrections, additions, or deletions.  Attached to the PSI were a number of exhibits including an investigative report describing the various forms of theft Kurka committed against the law firm, and a statement of pecuniary damages exceeding $300,000.  A sentencing court is permitted to consider the contents of a PSI in its sentencing decision where the defendant does not object to the portion of the PSI being considered.  *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). The court did not abuse its discretion in considering this information.

A sentencing court has discretion in choosing statutorily authorized sentences.  *See* Iowa Code § 901.5 (2013).  Under the circumstances presented to us in this appeal, we do not find the district court considered improper factors in imposing Kurka's sentence.  Finding no defect in the procedure, nor any abuse of discretion, we affirm on this issue.

## IV.    *Conclusion*

We affirm the district court's order denying Kurka's motions in arrest of judgment and granting the State's motion to dismiss one of the two counts to which Kurka pled guilty.  We also affirm Kurka's conviction and sentence.

**AFFIRMED.**