# IN THE COURT OF APPEALS OF IOWA

No. 18-0361
Filed January 23, 2019

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**CYNTHIA KOBUSCH, MICHAEL KOBUSCH, and JEFFREY MERFELD,**
        Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dubuque County, John J. Bauercamper, Judge.

On discretionary review, the State challenges the district court's denial of its motions to dismiss criminal prosecutions in the furtherance of justice. **REVERSED AND REMANDED.**

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellant.

Natalia H. Blaskovich, Todd N. Klapatauskas, and Samuel A. Wooden of Reynolds & Kenline, L.L.P., Dubuque, for appellee Cynthia Kobusch.

Natalie H. Cronk of Cronk & Waterman, PLC, Iowa City, for appellee Michael Kobusch.

Jeffrey E. Hiatt of Clemens, Walters, Conlon Runde & Hiatt, L.L.P., Dubuque, for appellee Jeffrey Merfeld.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

The supreme court granted discretionary review to the State to challenge the district court's refusal to dismiss one count of child endangerment resulting in bodily injury[1] pending against each defendant "in the furtherance of justice." Cynthia Kobusch and Michael Kobusch are the adoptive parents of a fourteen-year-old boy, and Jeffrey Merfeld is an uncle. The boy was physically abused by being chained and wired to weights, causing blisters and sores on his body. While criminal cases were pending, juvenile court proceedings were held. The State, the defendants, the guardian ad litem, and the child's therapist negotiated a global settlement intending to minimize further trauma to the child and achieve results that, in the whole, seemed ultimately beneficial to the child, including terminating the parental rights of the parents, which was ultimately ordered by the juvenile court. In the State's application for dismissal of the criminal charges with prejudice,[2] it stated:

> A review of the best interest of the child was made with the therapist, guardian ad litem and investigators in the case. The actions of the parties, with regard to the long-term well-being of the child in the future, which had been consummated in Juvenile Court, and shield the child from future court appearances, convinced the State that dismissal was in the interest of justice.

The district court denied the motion. The order denying the motion to dismiss suggested additional or other charges could be filed against the defendants, a grand jury should review the case, and the possible appointment of

---

[1] *See* Iowa Code § 726.6(6) (2016) (classifying the crime as a class "D" felony).
[2] Although the State's motion was for dismissal with prejudice, a dismissal of a felony or aggravated misdemeanor pursuant to Iowa Rule of Criminal Procedure 2.33(1) is not a bar to another prosecution; and the standard for dismissal is "in the furtherance of justice," not "in the interest of justice."

a special prosecutor. The State sought discretionary review, joined by all parties, which was granted by the supreme court.

Our review of a ruling on a motion to dismiss a prosecution under Iowa Rule of Criminal Procedure 2.33(1) includes two components. *State v. Taeger*, 781 N.W.2d 560, 564 (Iowa 2010).

> The first question—whether the statement of reasons for dismissal complied with the rule—is a question of law. If the stated reasons are legally sufficient, the second question is whether dismissal was "in the furtherance of justice." This later determination is reviewable for an abuse of discretion.

*Id.* (citations omitted). Such an abuse of discretion occurs when "the trial court's discretion was exercised on grounds clearly untenable or clearly unreasonable." *Id.* (quoting *State v. Henderson*, 537 N.W.2d 763, 766 (Iowa 1995)).

The State's motion specifically stated grounds that were legally sufficient to comply with the rule. "[A] district court may overrule a motion to dismiss where there has been an abuse of prosecutorial discretion or the dismissal is sought in bad faith. Likewise, dismissals sought on grounds far afield of the law or facts, even though innocently motivated, would warrant this Court's disapproval." *Id.* at 566 (citations and internal quotation marks omitted).

The court's order denying the motion did not state the reasons why the court denied the motion or why dismissal would not be in the furtherance of justice. Instead, the order ventured into proposing new or different criminal charges that could be brought, implied they should be brought, and failed to address the State's argument of the strong benefit to the victim in this case, as well as the unique background and facts of the case as developed during two hearings on the matter. *Cf. id.* (requiring an adequate record, not a bare motion). While courts should not

rubber-stamp a State's motion for dismissal, prosecutors are entitled to some discretion, although not unfettered. *See id.*; *Manning v. Engelkes*, 281 N.W.2d 7, 11 (Iowa 1979) (indicating procesutors retain some discretion in motions to dismiss and the court may overrule the motion "if there has been an abuse of prosecutorial discretion"). Among the acceptable justifications for a dismissal of prosecution without prejudice is facilitating the State in plea bargaining. *See State v. Johnson*, 217 N.W.2d 609, 612–13 (Iowa 1974). In this case, there was a global settlement agreed to by the guardian ad litem and therapist for the victim, which included dismissal of the pending criminal charges, involvement of the juvenile court, and termination of the parents' parental rights. Other than asserting other potential charges or procedures that could be pursued, the court did not articulate why the global settlement was not in the furtherance of justice. Settlement agreements, like any other plea agreements, are not binding on the court unless the court agrees to the terms. *See* Iowa R. Crim. P. 2.10(4). However, the court order provides no reasons why the court refused to grant the dismissal or why dismissal would not have been in the furtherance of justice. "To answer the abuse of discretion question, an appellate court needs to know why a trial court acted in the way that it did, not why it might have done so." *State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987). In the absence of stated reasons, we find the district court abused its discretion when it denied the State's motion for dismissal. We further find the record made demonstrated sound reasoning and a proper exercise of prosecutorial discretion and executive branch function. *Cf. United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975) (noting in relation to Federal Rule of Criminal Procedure 48(a): "The exercise of [the executive's] discretion with respect

to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.  In this way, the essential function of each branch is synchronized to achieve a balance that serves both practical and constitutional values").  We reverse and remand for the court to enter an order granting the motion to dismiss, without prejudice.

**REVERSED AND REMANDED.**