WIGGINS, Justice (dissenting).
I respectfully dissent. I think this case presents an important point of law regarding prosecutorial conduct.
In a recent case, we found the state could not dismiss a case in order to avoid an adverse ruling on a motion to suppress. State v. Taeger , 781 N.W.2d 560, 567 (Iowa 2010). The rationale for that decision is that the prosecutor cannot manipulate the system in order to ensure Iowa Code section 321J.13(6) is not triggered. Id. Manipulation of the criminal justice system undermines the integrity of the criminal justice system.
I see no difference in what the prosecutor did in this case than in Taeger . Here the officer arrested Alex Westra. This began the criminal process. The legislature amended the Code in 1999 with the intention to allow a defendant to contest the stop in the criminal proceeding. 1999 Iowa Acts ch. 13, § 22 (codified as amended at Iowa Code § 321J.13(6) (2017)). The legislature did not anticipate the prosecutor would manipulate the system. The prosecutor not filing the information deprived Westra of his right to contest the stop in the criminal case. This manipulation by the prosecutor is no different from the manipulation in Taeger . See 781 N.W.2d at 566-67. Accordingly, I would allow Westra to attack the stop in the administrative proceeding to preserve the integrity of the judicial system and carry out the intent of the legislature.